251 S.W.2d 49 (1952)
LARDGE et al.
v.
CONCRETE PRODUCTS MFG. CO.
No. 42694.
Supreme Court of Missouri, Division No. 2.
July 14, 1952.
Motion for Rehearing or to Transfer to Denied September 8, 1952.
*50 Martin A. Rosenberg, St. Louis, for appellant, Rodney Weiss, St. Louis, of counsel.
George F. Heege, Clayton, for respondents.
Motion for Rehearing or to Transfer to Court en Banc Denied September 8, 1952.
ELLISON, Judge.
Zenobia Lardge, the dependent widow and guardian of the four minor children born of her marriage to Herman Lardge, deceased, appeals from a judgment of the circuit court of St. Louis County, Division 4, denying their claim for $10,500 compensation for his death, under the Workmen's Compensation Law, sections 287.030, 287.120 RSMo 1949, V.A.M.S., and affirming the findings and rulings of the Industrial Commission of Missouri thereon to the same effect. We have appellate jurisdiction since the amount in dispute exceeds $7,500.
The transcript shows the deceased Lardge was an employee of the respondent Concrete Products Manufacturing Company, which makes concrete building blocks. The facts lie in small compass and there is little dispute about them. The ultimate question for decision is whether the "accident" causing his death arose "out of and in the course of his employment" within the meaning of section 287.120, subd. 1 RSMo 1949, V.A.M.S.
When the concrete blocks are first moulded they are "green", or damp. They are placed on the shelves of racks in steam sheds, or "stalls", with the doors closed, and dried out over night. An electric battery truck, with a hydraulic platform, is used to lift and push the loaded racks into the stalls, and to back up pulling them out when the blocks are dry, and then return the empty racks to the stalls. The deceased Lardge operated one of those trucks and was so engaged when the "accident" occurred.
The main eyewitness to the casualty was an employee, Malcolm Bradley. He stated that on that morning Lardge's truck was pushing an empty rack into one of the stalls, when another employee named Rayfield Woodfork came up and charged that Lardge had accused him of stealing his (Lardge's) wine. At another time in his testimony he stated Lardge did make that charge, and that Woodfork said "I am tired of you fellows accusing me of taking his wine," or "your wine." At any rate, Lardge with his truck pushed the rack on into the stall, the door of which was swung open to one side, and then started to back out. As soon as Lardge came in view from behind the open door Woodfork hit him on the head with an iron rod and then hit a second blow, causing his death. This witness Bradley stated that "they didn't allow any wine on that job." Another witness, Charles Manley, who was working inside an adjacent building heard a noise like a thump, and saw Lardge lying on the ground. Woodfork did not testify.
Appellants' counsel make two points in their brief. The first is that "an assault on an employee is an accident `arising out of the employment' within the meaning of the Workmen's Compensation Act, and the Circuit Court's ruling to the contrary was error," citing the decisions listed below.[1]
In the Buckner case an employee of the appellant employer in Kansas City was an *51 expert in installing and repairing refrigerating machinery which work took him to different points over the United States. While traveling as a passenger on a train in the course of his employment he was injured by a total stranger, a drunken passenger and expert wrestler who proceeded to demonstrate expert wrestling holds upon him, injuring his eye. He filed a claim against his employer and the latter's insurance carrier under the Missouri Workmen's Compensation Act, and a recovery was affirmed on the theory that the injury was compensable and arose out of his employment because travel was a necessary part of the duties of his employment.
In the Blaine case an employee was injured in "horseplay", so called, by a fellow employee, who jabbed him in the body and caused him to swing or jump against machinery in a work shop. The decision held it is well settled law that such injuries constitute accidents arising out of and in the course of the employment, and are compensable as against the employer and his insurer.
In the Beem case the claimant's deceased husband was a traveling salesman for a wholesale grocery house and traveled from place to place in an automobile on a regular schedule selling goods. On the evening in question he delayed his regular departure from a town some three hours between 9:30 p.m. and 12:30 a.m., and spent the intervening time playing cards, and then resumed his circuit trip home. But he was robbed and murdered on the way. The parties conceded that the deceased's "employment" included the time regularly spent in travel. But the employer maintained that since the deceased had voluntarily delayed his schedule three hours playing cards for his own entertainment he was not in the course of his employment when he later was killed. That view was rejected by this court, the decision holding that when the salesman started his journey home after the card game he resumed the course of his employment.
In the Hartford case the claimant Bridges was a helper in the employer's warehouse and engaged in loading vegetables on the employer's truck. His work was supervised by a checker, Downey. Downey repeatedly called claimant Bridges "Shorty", which the latter resented and called Downey a vile name. Downey then struck Bridges a blow on the face, injuring him, and Bridges filed complaint under a Federal Compensation Act. A Federal deputy commissioner concluded "`that the injury had its origin in the employment and that it arose out of and in the course of the said employment.'" The employer's insurance carrier then sued to enjoin the Federal deputy commissioner and the claimant from enforcing the compensation order. The Federal District Court dismissed the injunction proceeding, and that judgment was affirmed by the U. S. Court of Appeals, District of Columbia.
The opinion is long and exhaustive. It points to cases rejecting "the test of immediate relevancy of the culminating incident" [in this case the conversation about the wine in which Woodford struck and killed Lardge with the iron bar]. And it says the doctrine of the cited decisions is that such incidents are not regarded as isolated events, but as by-products of the working environment which place men under strain and fatigue, creating frictions that explode in myriads of ways and develop personal animosities. Apparently the decision adopts that view, with the limitation that the "accumulated pressures must be attributable in substantial part to the working environment."
In this state under our Workmen's Compensation Act our courts have been more inclined to adjudge each case on its own facts, and the injury must have some reasonable relation to the employment. Indeed appellants' brief concedes "the majority of assault cases in Missouri allow recovery only if the fight or assault is directly related to the work of the employer." In this connection appellants cite four decisions which we have listed last below, with others.[2] All these cases hold the accident must arise out of and in the course of the employment. Most of them also hold *52 that if the finding of the Commission and the lower court is supported by substantial evidence, we will not reverse it on appeal. Under our statutes and decisions and the evidence this court cannot take the broad view expressed in the Hartford Accident & Indemnity case, supra, cited in footnote 1 in this opinion. The complaint Woodfork made to Lardge was that he had been charged with stealing wine. The evidence showed no wine was permitted on the premises and it had nothing to do with the work of either of the parties. It was a personal quarrel.
Finding no error in the record, the judgment below is affirmed.
All concur.
NOTES
[1] Buckner v. Quick Seal, Inc., 233 Mo. App. 273, 286-292(11), 118 S.W.2d 100, 109(9); Blaine v. Huttig Sash & Door Co., 232 Mo.App. 870, 881(4), 105 S.W.2d 946, 953(6); Beem v. H. D. Lee Mercantile Co., 337 Mo. 114, 120(3), 85 S.W.2d 441, 100 A.L.R. 1044; Hartford Accident & Indemnity Co. v. Cardillo, 72 App.D.C. 52, 112 F.2d 11, 13, certiorari denied 310 U.S. 649, 60 S.Ct. 1100, 84 L.Ed. 1415.
[2] Fowler v. Baalmann, Inc., 361 Mo. 204, 210(2), 213, 234 S.W.2d 11, 16(7, 8); Finley v. St. Louis Smelting & Refining Co., 361 Mo. 142, 148, 233 S.W.2d 725, 728(5); Karch v. Empire Dist. Electric Co., 358 Mo. 1062, 1069-1070(1, 2), 218 S.W.2d 765, 770(4, 5); Daugherty v. City of Monett, 238 Mo.App. 924, 936 (f) (6), 192 S.W.2d 51, 55(6); Stephens v. Spuck Iron & Foundry Co., 358 Mo. 372, 377(1), 214 S.W.2d 534, 536; Kaiser v. Reardon Co., 355 Mo. 157, 195 S.W.2d 477; O'Dell v. Lost Trail, Inc., 339 Mo. 1108, 1115(1), 100 S.W.2d 289, 292 (1-4); Macalik v. Planters Realty Co., Mo.App., 144 S.W.2d 158, 159.