MAGGIE DUFF and PEGGY ANN DUFF, Respondents, v. ST. LOUIS MINING AND MILLING CORPORATION and BITUMINOUS CASUALTY CORPORATION, Appellants, No. 43118—255 S. W. (2d) 792.

Court en Banc, February 14, 1953.

*Ray E. Watson, F. H. Richart* and *Rex Titus* for appellants.

*Max Patten* and *Roy Coyne* for respondents.

HYDE, J.—This case was reassigned to the writer under Rule 2.07 on January 29, 1953. It is an appeal from a circuit court judgment, approving a final award of compensation by the Industrial Commission, in favor of the widow and minor child of Jess Duff, deceased employee of St. Louis Mining and Milling Corporation. The Springfield Court of Appeals affirmed (Duff v. St. Louis Mining and Milling Corp., 245 S. W. (2d) 472) and on March 10, 1952 we transferred the case upon application of the employer.

Duff was oiling machinery in his employer's mill before 8:00 A. M. when operations were to begin. There was a trough or runway (18 inches to two feet wide) between the "rougher" and the "screen", which was directly over a hole in the floor of the mill. Duff was last seen on the [793] "rougher" and from five to eight minutes later a thud was heard "like something hit the side of the mill." Upon investigation, Duff was located on the ground, under the hole in the floor, and apparently was dead when found. Fellow workmen attempted to find tracks or disturbance of dust, which would indicate where he fell from, but were unable to do so. There were some 2x6 stakes in the ground under the mill and Duff was lying across one of them. His jaw was broken on the left side and there was blood on the left side of his face. The runway was 10 to 12 feet above the floor and the floor was 5 or 6 feet above the ground.

The employer had medical evidence, the Coroner of Jasper County, who performed an autopsy, that the cause of death was acute right heart dilation following cardiac enlargement as a result of full, extensive bilateral pulmonary fibrosis (silicosis) and "that the fracture of the jaw would not produce a severe enough amount of trauma to cause the heart to be embarrassed." There was also evidence that on the morning of his death, and the day before, Duff complained of pains in his arms and chest which the medical evidence showed were symptoms of his heart ailment. At the autopsy, the wall of the ventricle was found to be very thin and soft, indicating marked deterioration and acute dilation. The death certificate gave this as the cause of death. This evidence tended to show that Duff's heart condition was the cause of his fall.

The Referee of the Division of Workmen's Compensation found that compensation must be denied. The Industrial Commission reversed the Referee's finding and awarded compensation. It made the following finding: "We find from all the evidence that the employee, Jess Duff, now deceased, sustained an accident on December 12, 1949, arising out of and in the course of his employment with the St. Louis Mining and Milling Corporation, resulting in his death on the same day; that said employee was found dead or injured in a hole approximately 14 feet below the runway between the rougher and the screen, a place where his duties required him to be and where he was last seen working."

The Court of Appeals relied upon the presumption, which we stated in Mershon v. Missouri Public Service Corporation, 359 Mo. 257, 221 S. W. (2d) 165, that "when an employee charged with the performance of a duty is found injured at a place where his duty required him to be, a presumption arises that he was injured in the course of and in consequence of his employment". The Court of Appeals applied this as follows: "When Jess Duff was found dead at the place where he had a right to be in the furtherance of his employment, it was the duty of appellants to overcome the presumption that such death was the result of accident, rather than of disease. The question of the sufficiency of the evidence to overcome such presumption was a question of fact for the full commission and the trial court to determine. It was the duty of the full commission and of the trial court to say whether appellants had overcome that presumption. It is not for this Court to render an opinion upon such question of fact."

However, we also said in the Mershon case "that such presumption is rebuttable" and it is clear that the Court of Appeals did not so treat it. Instead, it considered this presumption as evidence to be weighed by the triers of the facts as proof of the principal disputed fact and required to be overcome by the employer's evidence. Thus

it was held a question of fact as to whether the presumption or the evidence controverting it was true.

As we recently stated in Micheler v. Krey Packing Co., Mo. Sup., 253 S. W. (2d) 136: "When substantial evidence is introduced by the party against whom a presumption operates controverting the presumed fact, then its existence or non existence is to be determined from the evidence, exactly as if no presumption had ever been operative in the case. In other words, such presumptions are procedural (placing the burden upon the party denying their truth to produce evidence) and not for consideration of the triers of the facts **[794]** who have the function of determining what facts are proved by the evidence produced." Therefore, when the employer herein offered substantial evidence that the cause of Duff's fall and death was heart disease (and we hold it was substantial evidence) then the presumption went out of the case and the fact of whether the cause of death was accident or disease was to be determined from the evidence offered by both parties. Thereafter, no question of fact was raised by the presumption, which was out of the case.

As the Court of Appeals stated: "The burden is on a claimant to show that an employee's injury resulted from an accident arising out of and in the course of his employment." (See also Seabaugh's Dependents v. Garver Lumber Co., 355 Mo. 1153, 200 S. W. (2d) 55.) Of course, the evidence of the facts, which gave rise to the presumption, remains in the case and is to be considered with other evidence for whatever probative value it may have. However, these facts (the place where Duff was last seen, his duties, the thud, where he was found and his condition) are not sufficient to show more than that his death resulted from one or the other of two causes, for one of which but not the other, the employer would be liable. Therefore, we must hold as we did in the Seabaugh case (upon very similar facts) that on the whole record (see Sec. 22, Art. V, Const.) claimants' proof was insufficient to show that Duff's death resulted from a cause for which his employer would be liable. (See also Finerson v. Century Electric Co., (Mo.) 227 S. W. (2d) 740; Stamps v. Century Electric Co., (Mo. App.) 225 S. W. (2d) 493.)

Claimants rely upon Reynolds v. Freemasons Hall Co., (R.I.) 198 Atl. 553. In that case an employee fell from a ladder and his death was due to a cerebral hemorrhage. The fact issue was whether a spontaneous cerebral hemorrhage caused the fall and death or his death was due to a traumatic cerebral hemorrhage resulting from the fall. Each party had medical testimony sharply conflicting and supporting each theory. Here the medical testimony was all one way and was based on personal observation in an autopsy, which was not performed in the Reynolds case. It may also be noted that the scope of our review, under Sec. 22, Art. V of the Constitution, is not so limited as that in the Reynolds case.

The award and the judgment affirming it is reversed. All concur.