257 S.W.2d 211 (1953)
LONG
v.
SCHULTZ SHOE CO., Inc. et al.
No. 28612.
St. Louis Court of Appeals. Missouri.
April 21, 1953.
Albert I. Graff and Malcolm I. Frank, both of St. Louis, for appellants.
Albert E. Hausman, of St. Louis, for respondent.
BENNICK, Presiding Judge.
This is a proceeding under the Workmen's Compensation Law, Sections 287.010-287.800, RSMo 1949, V.A.M.S.
The claim is by Edith Long for compensation for an injury she sustained on January 10, 1951, while engaged in the performance of her work as an employee of Schultz Shoe Company at its place of business at 2028 Washington Avenue in the City of St. Louis. The Bituminous Casualty Corporation was the insurer of Schultz Shoe Company's compensation liability.
The case was submitted to the referee upon an agreed statement of facts which disclosed that one Rosie Lynch, a co-employee of the claimant, found a nickel on the floor of the employer's premises. Another *212 co-employee, Virginia Williams, contended that the nickel belonged to her, and a quarrel ensued between her and Rosie Lynch over the ownership of the nickel. It was admitted in the agreed statement of facts that the quarrel was in no way connected with their work or their employment. As the quarrel progressed, Rosie Lynch shot and killed Virginia Williams, and during the shooting a stray bullet struck the claimant, who had not been in anywise involved in the altercation between Rosie Lynch and Virginia Williams, but, as already indicated, was engaged in the performance of her regular duties at the time. As a matter of fact, all three women had been working at their respective jobs until the incident occurred.
The record is entirely silent as to how it was that Rosie Lynch had the pistol upon her person.
At every stage of the case the sole question for determination was whether the injury was by accident arising out of the employment.
The referee denied the claim, whereupon an appeal was taken to the industrial commission, which affirmed the decision of the referee. At the hearing before the commission the record was supplemented by the filing of a stipulation that there were some 175 persons employed on the floor of the building where the claimant was working at the time her injury was received.
Following the denial of the claim by the commission, the claimant appealed to the circuit court, which reversed the award and remanded the case to the commission with directions "to hear evidence and make findings as to the amount of claimant's compensable injuries". It would thus appear that the effect of the court's decision was to hold as a matter of law that the claimant's injury had arisen out of her employment. Upon such judgment attaining finality, the employer and insurer gave notice of appeal, and by proper successive steps have caused the case to be transferred to this court for our review.
It is of course fundamental to an employee's right to compensation under our local act that his injury shall have been by accident arising out of his employment. Section 287.120 RSMo 1949, V.A.M.S. Other conditions likewise imposed by the act are not in issue in the present case. Indeed both sides to the controversy now before us recognize the necessity that for the claimant to recover the agreed facts must warrant the conclusion as a matter of law that her injury arose out of her employment. Furthermore it has been understood and accepted from the time our act went into effect that the requirement that the injury shall have arisen out of the employment implies that there must have been a direct causal relaton between the injury and the employment, or, in other words, that the injury, even though it may be of such a character as not to have been foreseen or anticipated, must nevertheless have been a rational consequence of some hazard connected with the employment. Absent such proximate relation between the injury and the employment, it is not enough to give rise to the right to compensation that the employee shall merely have been injured in the course of his employment, that is, within the period or hours of his employment, at a place where he was rightfully entitled to be, and while he was reasonably fulfilling the duties and incidents of his employment.
The foregoing principles are no less applicable to assault cases or cases of accidental shooting than to cases of any other kind or character.
Where a controversy leading up to an assault upon or the shooting of an employee is connected with his employment or is fairly traceable to some condition, obligation, or incident pertaining to it, the resulting injury arises out of the employment and entitles the employee to an award of compensation for whatever injury he sustains. O'Dell v. Lost Trail, Inc., 339 Mo. 1108, 100 S.W.2d 289; Macalik v. Planters Realty Co., Mo.App., 144 S.W.2d 158. But on the other hand, where the employee is assaulted or shot, not because he is an employee or because of his employment, but for reasons entirely personal and wholly disconnected from his employment, the injury in that event does not arise out of the employment so as to justify the making of *213 an award of compensation. Lardge v. Concrete Products Mfg. Co., Mo.Sup., 251 S.W.2d 49; Ries v. De Bord Plumbing Co., Mo.App., 186 S.W.2d 488.
In this case it was admitted, as we have already pointed out, that the quarrel between Rosie Lynch and Virginia Williams was in no way connected with their employment. Of course the court, under the agreed facts, would have reached the same conclusion, even if the parties themselves had made no such admission. The claimant's injury was directly traceable to such quarrel and nothing else, and was therefore unrelated to the employment, since the quarrel itself was unrelated to the employment. It is true that the employment was responsible for the fact that all three women were together on the premises and subject to the employer's general right of control, but this circumstance is insufficient to show anything more than that the injury was received in the course of the employment. It is held in all the well-considered cases that it is of no consequence upon the right to compensation that the injured employee's presence at the place of injury was because of his employment unless the injury itself was a risk of the employment. The fact that the claimant was an innocent victim and herself nowise at fault entitles her to sympathy, but does not serve to bring her within the protection of the act.
But even though the claimant's injury did not arise out of her employment in the usual sense that it was attributable to a risk of some sort connected with the performance of the specific work she was required to do, she contends that she is nevertheless entitled to compensation upon the theory that her injury was the product of her working environment involving mass association with numerous other employees, a circumstance which, of itself, was calculated, so she says, to create frictions and give rise to quarrels and disputes such as occurred between Rosie Lynch and Virginia Williams. In short, she argues that the very fact that she was employed in a room with 175 other persons, including one of such vicious character that she would shoot and kill another over possession of a nickel, subjected her to a hazard peculiar to her employment so as to supply the element of causal connection between the employment and the injury.
It is true that in the progress made in the field of workmen's compensation liability, the concept of what may properly constitute risks of the employment has gradually broadened to the point where it now may include those risks which arise out of the conditions under which the employment is carried on, so long as the risks are of such a character as to be reasonably regarded as inherent in the particular conditions in the light of human understanding and experience.
Perhaps the most familiar illustration of such form of liability is in that class of cases where the injury results from horseplay or practical joking, which is a natural by-product of the association of a number of persons in a common work, and of which an individual employee required to work with others may become a victim while engaged in the performance of his duties. Blaine v. Huttig Sash & Door Co., 232 Mo. App. 870, 105 S.W.2d 946; Tabor v. Midland Flour Milling Co., 237 Mo.App. 392, 168 S.W.2d 458.
But while horseplay and practical joking, even though frequently manifested in rough and dangerous ways, may none the less be natural incidents of mass association in a common employment, the same is not to be said of homicide, or, for that matter, of any form of criminal offense which may be committed by an employee. In other words, where an injury to one employee results from another employee's commission of a criminal offense, the injury will not be compensable from the mere circumstance that the employment had brought the offender and the victim into association with each other, but instead, before compensation may be allowed, it must appear that the offense grew out of or had some direct relation to the details of the work itself. As a matter of fact, our Supreme Court has expressly held that the provisions of our local act do not permit the imposition of liability where an assault which produces an injury is solely referable to a personal quarrel wholly unrelated *214 to the incidents of the employment. Nor was the court's decision based upon the fact that the injured employee in the particular case may have been guilty of making charges that led to the affray. Lardge v. Concrete Products Mfg. Co., supra.
Granting that the act is to be liberally construed in furtherance of the purpose for which it is intended, such rule of liberal construction does not authorize the allowance of a claim which is lacking in any of the essential elements of the right to compensation. Finerson v. Century Electric Co., Mo.Sup., 227 S.W.2d 740; Stamps v. Century Electric Co., Mo.App., 225 S.W. 2d 493.
It follows that the judgment of the circuit court should be reversed and the cause remanded with directions to the circuit court to enter up a new judgment affirming the award of the commission. It is so ordered.
ANDERSON and HOLT, Jr., JJ., concur.