Janet S. KELLEY, Appellant,

v.

SOHIO CHEMICAL COMPANY, Respondent.

No. 51149.

Supreme Court of Missouri,

In Banc.

July 12, 1965.

Rope, Shanberg & Rope, Herbert M. Rope, Sherman L. Gibson, Kansas City, for appellant.

Edgar S. Carroll, Kansas City, Popham, Thompson, Popham, Trusty & Conway, Kansas City, of counsel, for respondent.

EAGER, Judge.

This case was transferred here from the Kansas City Court of Appeals by our order. The opinion of that court appears at 383 S.W.2d 146. Under the practice more recently adopted opinions of the Courts of Appeals are not printed in the usual course where an application for transfer has been sustained.

After consideration, we have concluded to adopt and we do adopt the opinion of the Court of Appeals, but we shall add additional observations. We do not quote that opinion, since those interested may read it as reported. Merely for clarity, we state here that the case involves a Workmen's Compensation claim filed by a young woman who was, at the time, employed in an office maintained by Sohio Chemical Company in the Kansas City Power & Light Building in Kansas City; during the noon hour, when she was alone for forty-five minutes and while she was in an inner room of the office, she heard footsteps behind her, started to turn around and was struck on the back of the head. A little later she was found unconscious by another employee, and she was hospitalized for about two weeks. Nothing was disturbed in the office and nothing stolen. Further facts appear in the cited opinion. Compensation was denied by the Commission and that holding was affirmed by the Circuit Court.

The Industrial Commission found from all the evidence that the claimant had failed to prove that she sustained an accident arising *out of her employment;* that is the equivalent of a finding that the accident did not arise out of the employment, and we shall so consider it.

■ In their reply brief claimant's counsel rely upon the presumption stated as follows: " * * * when an employee charged with the performance of a duty is found injured at a place where his duty required him to be, a presumption arises that he was injured in the course of and in consequence of his employment." They cite Mershon v. Missouri Public Service Corp., 359 Mo. 257, 221 S.W.2d 165, and they say further that the evidence here did not rebut that presumption. The existence of such a presumption, under proper circumstances, is also recognized in the following cases: Toole v. Bechtel Corp., Mo., 291 S.W.2d 874; Stamps v. Century Electric Co., Mo. App., 225 S.W.2d 493; Oswald v. Caradine Hat Co., Mo.App., 109 S.W.2d 893; Duff v. St. Louis Mining & Milling Corp., 363 Mo. 944, 255 S.W.2d 792. However, neither the Mershon case nor any of the cited cases was decided on the basis of such a presumption, but on the evidence adduced; in some, the employee was dead and the claims were adjudicated on medical testimony from autopsies. The cases fairly indicate that if there is evidence of occurrences, circumstances or physical condition which show, directly or by inferences, how the injury occurred, then the matter should be and will be decided on that evidence; and that if a presumption be deemed to have arisen in such instances, it disappears, be-

ing merely a procedural invention in the first place. Toole, Stamps, Duff, Oswald, supra. When the presumption cases are analyzed they afford no basis for a recovery here; in fact, no Workmen's Compensation case actually decided on such a presumption is cited, nor have we found any.

■ There was direct and substantial evidence that the claimant was struck on the head by an unknown and unseen assailant who attacked for an unknown reason, and that there was no robbery or theft; indeed, there was no other crime, so far as the evidence shows. If any such presumption arose at all under these circumstances, it was rebutted by the evidence adduced, and the matter simply stood as a case of assault with the manner and circumstances affirmatively shown, if not the motive. See, on rather analogous facts, Giles v. W. E. Beverage Corp., 133 N.J.L. 137, 43 A.2d 286, aff. 134 N.J.L. 234, 46 A.2d 728, where the presumption was held not applicable because there was no "lack of evidence." In that case two unidentified men were seen to enter a liquor store and shoot the manager, without speaking, without committing any robbery or theft, and for no known reason. In Larson on Workmen's Compensation that holding is criticized, § 11.33, because the evidence did not show "why" the man was shot. If such were to be the rule, then it would seem that a recovery would be more or less automatic in every assault case where a motive was not actually shown, and we do not accept that reasoning.

■ The matter, therefore, stands on the evidence as in one sense a case of "unexplained" assault, or as the Court of Appeals stated, a "neutral assault," i. e., one not shown specifically to have arisen out of the employment, or, on the contrary, to have arisen from some outside and personal circumstance or motive. But, in our view, the circumstances have been sufficiently shown by evidence to permit a reasonable inference, on the part of the finders of fact, that the assault had no connection with and did not arise out of the employment. In such a situation the burden still rests upon the claimant to show some direct causal connection between the injury and the employment. Toole v. Bechtel Corp., Mo., 291 S.W.2d 874; Stamps v. Century Electric Co., Mo.App., 225 S.W.2d 493; Mershon v. Missouri Public Service Corp., 359 Mo. 257, 221 S.W.2d 165; Reed v. Sensenbaugh, 229 Mo.App. 883, 86 S.W.2d 388; Scherr v. Siding & Roofing Sales Co., Mo. App., 305 S.W.2d 62. Our courts have held that there may be an award of compensation if the injury was "a rational consequence of some hazard connected with the employment." Toole, supra. See also: Reed v. Sensenbaugh, supra; Gregory v. Lewis Sales Co., Mo.App., 348 S.W.2d 743; Scherr v. Siding & Roofing Sales Co., supra; Ries v. De Bord Plumbing Co., Mo. App., 186 S.W.2d 488. But it has also been held very generally that the employment must in some way expose the employee "to an unusual risk or injury from such agency which is not shared by the general public." Gregory v. Lewis Sales Co., Mo.App., 348 S.W.2d 743; May v. Ozark Central Telephone Co., Mo.App., 272 S.W.2d 845; Scherr v. Siding & Roofing Sales Co., Mo.App., 305 S.W.2d 62; Ries v. De Bord Plumbing Co., Mo.App., 186 S.W.2d 488; Williams v. Great Atlantic & Pacific Tea Co., Mo.App., 332 S.W. 2d 296. Upon that basis the injury must have been a *rational* consequence of that hazard to which the employee has been exposed and which exists because of and as a part of the employment. Gregory, Toole, Scherr, Ries, supra. It is not sufficient that the employment may simply have furnished an *occasion* for an injury from some unconnected source. Gregory, Toole, supra; Foster v. Aines Farm Dairy Co., Mo., 263 S.W.2d 421.

It seems unnecessary here to distinguish those cases where unusual hazards were held to exist, Reed v. Sensenbaugh, 229 Mo.App. 883, 86 S.W.2d 388; King v. City of Clinton, Mo.App., 343 S.W.2d 185; or

the cases involving the so-called street or highway hazards as applied to salesmen required to use the streets or highways regularly in their work. Wahlig v. Krenning-Schlapp Grocer Co., 325 Mo. 677, 29 S.W.2d 128; Beem v. H. D. Lee Mercantile Co., 337 Mo. 114, 85 S.W.2d 441, 100 A.L.R. 1044. The facts here are in nowise similar.

The Commission has found that this injury did not arise out of the employment; it could and presumably did reasonably find from the evidence, as elements of that ultimate finding, that no direct causative connection with the employment had been shown and that the employment merely furnished an "occasion" for the assault; also that the employee was not exposed, by reason of her employment, to a hazard "above and beyond those of the public generally," as stated by the Court of Appeals in its opinion. We approve of the further statement of that Court, loc. cit. 149: "* * * We have concluded that the award of the Industrial Commission was supported by competent and substantial testimony and was not contrary to the overwhelming weight of the evidence."

Certainly, compensation has been denied by our courts in prior cases where the "hazards" were at least as great as any which could have *rationally* been foreseen here. Ries, Scherr, May, supra. It is unnecessary to consider the other findings of the Commission. The judgment is necessarily affirmed since we have adopted, with some elaboration, the opinion of the Court of Appeals.

HYDE, HENLEY, FINCH, JJ., and STONE, Special J., concur.

STORCKMAN, C. J., dissents in separate dissenting opinion filed.

HOLMAN, J., dissents and concurs in dissenting opinion of STORCKMAN, C. J.

STORCKMAN, Chief Justice (dissenting).

I regret that I am unable to agree with the conclusions reached in the principal opinion or the opinion of the Kansas City Court of Appeals (383 S.W.2d 146) which is approved and adopted by the opinion of this court.

The facts are not in dispute and, since the question presented is one of law as regards its interpretation or application to the facts, the finding of the Industrial Commission is not binding on the reviewing court. The court of appeals recognizes this and cites supporting authorities. 383 S.W.2d at 147[3].

The essential facts bearing on the injury as set out in the opinion of the court of appeals are these, 383 S.W.2d at 147:

"* * * On January 22, 1962, at 11:45 a. m. she [Miss Kelley, the claimant,] went out to lunch, and returned at 12:30 p. m. All the other offices on the floor were empty and closed at noon as their employees were at lunch. Miss Kelley's office was the only one that always had someone present.

"Upon Miss Kelley's return from lunch Mr. Terrell, a fellow employee, left for lunch leaving Miss Kelley alone. The third employee, Mr. Goodnight, was out of town that day. Miss Kelley went to the stock room for something and heard the bell on the elevator ring. The stock room is an inner room which can be entered only through the office. She describes what next occurred: 'We have an automatic elevator and when it stops on our floor the bell rings, and I heard somebody walk into the office and walk up behind me and when I didn't hear anybody say anything I started to turn around and then all I remember was somebody hitting me and that was all until I regained consciousness.'

"When Mr. Terrell returned from lunch at 1:10 p. m. he found Miss Kelley stretched out on the floor, face down and unconscious. She had a lump on the back of her head from something having struck

it hard. There were black and blue marks on her right arm which could have been caused by finger prints. There were no heavy objects lying near her. Nothing in the office had been disturbed, tampered with or taken. Mr. Terrell summoned others, and Miss Kelley was taken to the hospital where she remained for a number of days."

The court of appeals opinion sets out the three categories into which wilful assaults are divided and concludes that Missouri regards as noncompensable the "neutral category" which includes "completely unexplained assaults." 383 S.W.2d at 147–148[3]. In support of this conclusion the opinion cites Toole v. Bechtel Corporation, Mo., 291 S.W.2d 874, which in turn relies chiefly on Mershon v. Missouri Public Service Corporation, 359 Mo. 257, 221 S.W.2d 165. Both of these cases recognized the rule, as others have, that where an employee has been found injured at a place where his duty required him to be, a rebuttable presumption arises that he was injured in the course of and in consequence of his employment. It is true that in each case the court affirmed a judgment denying compensation but the reason was that there was evidence in each case tending to prove that the injury had no causal connection with the employment.

In Mershon, the Missouri rule was stated as follows, 221 S.W.2d at 167[2]: "Without reviewing those cases separately, we make the following general observations: Some, or all of them, hold under our Workmen's Compensation Act and similar Acts that the burden is on a claimant to show that an employee's injury resulted from an accident arising out of and in the course of his employment; but, when an employee charged with the performance of a duty is found injured at a place where his duty required him to be, a presumption arises that he was injured in the course of and in consequence of his employment; that such presumption is rebuttable." The Toole case recognizes the same rule citing Mershon. See 291 S.W.2d at 880[4].

Thus, the court of appeals opinion considers the case to be a true "unexplained assault" case but holds that the "supreme court has definitely placed this state" among those jurisdictions that regard this category as noncompensable. In so ruling the opinion of the court of appeals is clearly erroneous. The principal opinion adopts the court of appeals opinion but goes further and draws inferences that the evidence rebuts the presumption of causal connection. I deem this to be a true unexplained assault case which under the Missouri rule requires an award of compensation.

Section 287.800, RSMo 1959, V.A.M.S., provides that the Workmen's Compensation Act "shall be liberally construed with a view to the public welfare". This has been held to mean that a doubt as to the right of compensation should be resolved in favor of the employee. Pruitt v. Harker, 328 Mo. 1200, 43 S.W.2d 769, 773[5]; Holland v. Missouri Electric Power Co., Mo.App., 104 S.W.2d 277, 282[5]; Baird v. Gleaner Harvester Corp., Mo.App., 172 S.W.2d 892, 898[9].

There is no evidence in this case that the assault was a personal matter unconnected with the employee's duty to attend the open office and protect her employer's property. It is a proper case for the application of the rule laid down in Toole, Mershon, and other cases if such rule has any meaning or application at all. The most likely explanation of the assault is that the unknown intruder intended to rob or pilfer but became frightened and fled after he struck Miss Kelley and she fell face downward on the floor. This is a permissible inference and should be adopted since there is no evidence tending to show the injury did not arise out of the employment. Certainly if the blow had killed her such result would have been in order. The meager evidence does not mitigate against this theory. The court of appeals and the principal opinion tend to dilute and destroy established rulings of the supreme court without overruling the cases.

For the reasons assigned I respectfully dissent. I would reverse the judgment and remand with directions to award compensation.

HOLMAN, J., concurs.