**STATE of Missouri, ex rel. BARNES HOSPITAL, Relator,**

v.

**The Honorable Daniel T. TILLMAN, Judge of the Circuit Court of the City of St. Louis, Respondent.**

No. 51661.

Missouri Court of Appeals, Eastern District, Division Two.

Aug. 26, 1986.

Dennis G. Collins, Jeffrey T. Demerath, Laura Kipnis, Greensfelder, Hemker, Wiese, Gale & Chappelow, P.C., St. Louis, for relator.

MacArthur Moten, Law Offices of Mac-Arthur Moten, St. Louis, for respondent.

CARL R. GAERTNER, Judge.

This is prohibition. Relator, Barnes Hospital, seeks our order compelling respondent to sustain its motion to dismiss plaintiff's petition on the ground of lack of subject matter jurisdiction under the exclusive remedy provision of the Workers' Compensation Law, § 287.120.2, RSMo. 1978.

In the underlying action, plaintiff, Mary Johnson, seeks to recover damages for an alleged assault and battery. In Count I of her petition she alleges she was the victim of an assault and battery committed by defendant Dr. Jay Umbriet, for which she seeks compensatory damages in the sum of $15,000.00. In Count II she seeks compensatory damages in the sum of $50,000.00 [1] from defendant Barnes Hospital alleging that Barnes negligently hired Umbriet knowing he was an unfit employee. The basis of plaintiff's claim against Barnes is that since it is engaged in a business that requires continuous and close contact between members of the medical staff, it has a duty to hire employees who can "maintain their composure and act rationally in handling and meeting the various medical exigencies that occur in providing medical care." Plaintiff alleges Barnes breached this duty by hiring Dr. Umbreit, knowing that he was totally unfit for such employment because he had exhibited acts of violent temper and irrational behavior in the past.

Prohibition is the proper remedy to prevent a court from acting in excess of its jurisdiction. *State ex rel. City of St. Louis v. Kinder*, 698 S.W.2d 4, 6 (Mo.banc 1985). In this case, where plaintiff is suing her employer for personal injury, the court's jurisdiction is delimited by the provisions of Missouri's Workers' Compensation Law.

Liability of an employer for compensation under the Workers' Compensation Law releases the employer from all other liability. § 287.120, RSMo.1978. The Labor and Industrial Relations Commission has exclusive jurisdiction over claims for injuries covered by this act. *Hannah v. Mallinckrodt, Inc.*, 633 S.W.2d 723, 726 (Mo.banc 1982). Rule 55.27(g)(3) states that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." And when, as here, the facts are not controverted, the question whether an injury is covered by the Workers' Compensation Law becomes a question of law.

---

1. We are not advised why, for the same injury, plaintiff seeks compensatory damages in the sum of $15,000.00 from one defendant and $50,-000.00 from the other.

**540**

*State ex rel. McDonnell Douglas Corporation v. Luten,* 679 S.W.2d 278, 279 (Mo. banc 1984). Under § 287.120 an employee's exclusive remedy against his employer for injuries "arising out of and in the course of his employment," including injuries "caused by unprovoked violence or assault" is limited to benefits provided under the Workers' Compensation Law. Assaults which are the outgrowth of frictions generated by the employee's work are within the exclusive coverage of the act. *Person v. Scullin Steel Company,* 523 S.W.2d 801, 803 (Mo.banc 1975); *Dillard v. City of St. Louis,* 685 S.W.2d 918, 921 (Mo.App.1984). So too are irrational, unexplained or accidental assaults of so-called neutral origin that occur in the course of the victim's employment. *Person* at 804; *Dillard* at 921. Only injuries caused by assaults committed in the course of private quarrels are non-compensable under § 287.120. *Id.*

■ The clear import of plaintiff's claim is that she was assaulted by a co-employee who, under the stress of "continuous and close contact" failed to "maintain [his] composure and act rationally in handling and meeting the various medical exigencies that occur in providing medical care." The conclusion that plaintiff seeks to recover for injuries resulting from an assault which was an outgrowth of work-generated friction or irrational, unexplained behavior is inescapable. Under no stretch of the imagination can her petition be read as pleading an assault arising out of a private quarrel.[2]

Accordingly, respondent is without jurisdiction to proceed further on the claim made by plaintiff against her employer. The preliminary order in prohibition is made absolute and the trial court is directed to enter its order dismissing Count II of plaintiff's petition without prejudice.

2. In their briefs both parties have alluded to plaintiff's deposition testimony in which she admitted that this incident was the only time she had ever had a problem with Umbreit, that the incident was not the result of personal animosity but was a spur-of-the-moment reaction to what Umbreit apparently considered to be her flippant response to his questions regarding the administration of pain medication to a patient.

Costs of this proceeding are assessed against plaintiff, Mary Johnson. *See State ex rel. Burtram v. Smith,* 357 Mo. 134, 206 S.W.2d 558, 564 (1947).

SNYDER, P.J., and KAROHL, J., concur.

The record before us does not disclose whether or not this deposition was presented to the trial court in connection with this motion. Because the matter was treated in the trial court under procedures applicable to a motion to dismiss, rather than summary judgment, we disregard the deposition testimony and address only the allegations of the petition.