Alphonso **JOHNSON**,
Claimant/Appellant,

v.

**NANIAS (BRIDAL ORIGINALS)**,
Employer/Respondent.

No. 52896.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 20, 1987.

---

Harry J. Nichols, St. Louis, for claimant/appellant.

John A. Wilson, St. Louis, for employer/respondent.

CRIST, Judge.

Workers' Compensation claimant appeals from a final award of the Labor and Industrial Relations Commission of Missouri (hereinafter Commission) dated January 27, 1987, denying compensation for injuries suffered by claimant as a result of an altercation between claimant and a security guard of employer. We affirm.

Claimant contends the Commission's determination was contrary to the overwhelming weight of the evidence. We must determine if the award is supported by competent and substantial evidence on the whole record viewing the evidence and legitimate inferences in the light most favorable to the award. *Dillard v. City of St. Louis,* 685 S.W.2d 918, 920–21 [2] (Mo. App.1984).

Claimant, Wayne Adams, and security guard, Warren Dennis, were employed in the parking garage of the Locust Building in St. Louis, Missouri. On July 10, 1984, claimant became involved in an argument with fellow employee Wayne Adams concerning money Adams allegedly owed claimant. The fight began inside the parking garage; however, Adams retreated into the area where the guard station was located, in the lobby by the garage entrance. The guard first called the police to report the fight and next called the building manager. At this point, claimant entered the lobby and attacked Adams again. The guard then intervened in an effort to stop the fight and prevent serious injury, striking claimant several times with a nightstick he carried while on duty. Claimant later went to the hospital to be treated for the injuries he sustained from the incident. Claimant was subsequently fired as a result of the altercation.

Claimant contends the Commission erred in determining his injuries were not the result of an "accident" which arose out of and in the course of his employment in that he suffered injuries from an unprovoked attack by a mistaken and overzealous security guard, and not from co-employee Adams.

Our decision in this case is governed by an interpretation of the 1969 amendment to § 287.120.1 which reads as follows:

The term 'accident' as used in this section shall include, but not be limited to, injury or death of the employee caused by the *unprovoked* violence or assault against the employee by any person. (Emphasis added.) § 287.120.1, RSMo 1986.

Assaults bring particular problems to the area of Workers' Compensation. The 1969 amendment to § 287.120.1 was an effort by the legislature to make compensable the types of assaults that are characterized as neutral, unprovoked assaults on an employee at the workplace. Prior to the amendment, this variety of assaults had been considered noncompensable in Missouri because they did not "arise out of the course of employment." *Allen v. Dorothy's Laundry and Dry Cleaning Company,* 523 S.W.2d 874, 878–79 [1] (Mo.App.1975); *see Liebman v. Colonial Baking Company,* 391 S.W.2d 948 (Mo.App.1965); *Kelley v. Sohio Chemical Company,* 392 S.W.2d 255 (Mo. banc 1965). However, we do not agree with claimant's contention that his assault was a neutral, unprovoked assault.

Claimant concedes the altercation with his co-worker, Wayne Adams, was noncompensable as it was the result of a personal quarrel unrelated to their work, but then seeks to separate his injury by the security guard from the initial quarrel with Adams. This is not supported either by logic or by the facts on the record. The guard's actions were merely an outgrowth of the initial quarrel. The guard did his job by breaking up a violent fight on the property owned by his employer which he was hired to protect.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.