**Regina HOLLRAH, Appellant,**

v.

**Anthony FREIDRICH, et al.,
Respondents.**

**No. 43954.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 13, 1982.

Motion for Rehearing and/or Transfer
Denied May 14, 1982.

court in *Winkler I*, preempting any other pro- ceedings regarding decedent's status.

Elizabeth C. Kennedy, St. Louis, for appellant.

Richard D. Watters, St. Louis, William Franke, Clayton, for respondents.

REINHARD, Presiding Judge.

Plaintiff brought suit against her former employer, DePaul Community Hospital, Inc., and her supervisor at the hospital, Dr. Anthony Freidrich, alleging that Freidrich assaulted her and that DePaul negligently failed to provide her with a safe place to work. The court sustained a motion for summary judgment as to the hospital and a motion to dismiss as to the doctor. Plaintiff appeals.

Plaintiff's petition was brought in four counts. The first alleged that defendant Freidrich, on several occasions, did "grab hold of and touch the private parts of Plaintiff's body" with intent to cause offensive contact; that this was done against plaintiff's will; that he harassed and threatened plaintiff "by making repeated suggestive, lewd and frightening propositions of sexual contact to her which caused Plaintiff to be in apprehension of offensive contact and imminent bodily harm"; that this caused plaintiff to suffer "great bodily harm, outrage, emotional distress and mental anguish, embarassment [sic], humiliation and mental shock." The second count alleged that the same acts of defendant Freidrich constituted an invasion of privacy. The third count realleged the allegations of Count I under the heading "Count III Against Anthony Freidrich for Outrageous Conduct."

Count IV of the petition was brought against defendant DePaul, alleging that it, as a not-for-profit corporation, employed plaintiff and also employed defendant Freidrich. It was further alleged that defendant Freidrich had a reputation for sexual harassment and that DePaul, in the exercise of reasonable care, should have known of the reputation, and that it was foreseeable that Freidrich would again engage in sexual harassment. It was alleged that in spite of this knowledge DePaul "negligently continued the employment of Anthony Freidrich" thus failing to provide plaintiff with a safe place to work, causing her "injuries and disabilities."

Freidrich moved to dismiss Counts I, II, and III for failure to state a claim. This motion was denied. DePaul then moved to dismiss Count IV on the grounds (1) that Count IV failed to state a claim; and (2) that the Workers' Compensation Act (Chapter 287 RSMo. 1978) granted plaintiff her exclusive remedy. DePaul filed an affidavit with its motion establishing that plaintiff's employment was covered by the Workers' Compensation Act.[1] The trial court, apparently of the opinion that the petition states a cause of action, treated DePaul's motion as one for summary judgment, under Rule 55.27, and granted judgment for DePaul on the basis of the exclusivity of the Workers' Compensation remedy. Freidrich then moved to dismiss Counts I, II, and III on the grounds that plaintiff's remedy was limited to that granted by the Workers' Compensation Law. Freidrich's motion was sustained. Plaintiff appeals.

_____

1. Plaintiff concedes on appeal that her employment was covered by the Act.

■ We will begin with the dismissal of Counts I, II, and III against defendant Freidrich. Plaintiff alleged that Freidrich committed the intentional torts of assault and battery. The existence of a remedy against plaintiff's employer, under the Workers' Compensation Act, would not bar plaintiff's suit against a co-employee for an intentional tort. *Lamar v. Ford Motor Co.*, 409 S.W.2d 100, 107 (Mo.1966); *Sylcox v. National Lead Co.*, 225 Mo.App. 543, 38 S.W.2d 497, 502 (1931).[2] Hence dismissal on this basis was erroneous as a matter of law and the judgment in favor of defendant Freidrich must be reversed.

■ DePaul's motion to dismiss, like Freidrich's, was based on the availability to plaintiff of an exclusive remedy under the Workers' Compensation Act.[3] DePaul, unlike Freidrich, may avail itself of this as an affirmative defense, and hence we must inquire into the merits of this position.

■ Under § 287.120 RSMo. 1978, an employer subject to the Act is released from all liability, other than that required by the Act, for "injury or death of the employee by accident arising out of and in the course of his employment." This release from liability is an affirmative defense to a negligence action, and the burden of establishing the elements of the defense are on the employer. *McLeod v. Marion Laboratories*, 600 S.W.2d 656 (Mo.App.1980).

■ A motion for summary judgment may be used by a tort defendant to raise this defense, *Peer v. MFA Milling Co.*, 578 S.W.2d 291, 292 (Mo.App.1979). We review the grant of summary judgment by giving to plaintiff (against whom judgment was rendered) the benefit of every doubt; we affirm only if the record shows there to be no genuine issue of material fact and that DePaul is entitled to judgment as a matter of law. Rule 74.04; *Peer v. MFA Milling Co.*, 578 S.W.2d at 292. A genuine issue of fact exists whenever there is the "slightest doubt" as to a material fact. *Id.*

We cannot say, on the basis of the record before us, that as a matter of law plaintiff's injuries are compensable under the Workers' Compensation Act.

■ DePaul's affidavit went solely to coverage of plaintiff's employment by the Act. It did not state any facts concerning the alleged injuries. To establish that plaintiff's injuries were occasioned by accidents arising in the course of and out of employment, DePaul relies exclusively on plaintiff's petition. But the petition does not state where the assaults occurred, or what the circumstances were under which they took place.

■ Assaults against employees are divided into three categories and compensability under the Workers' Compensation Act depends upon the category into which the assault falls.[4] It suffices to say that on the basis of the record before us, we cannot say with certainty which of the categories would include the assaults alleged. This, by itself, precludes entry of summary judgment and renders unnecessary inquiry into the other grounds for reversal raised by plaintiff.

Without any of the surrounding circumstances which might have been developed by discovery or by affidavit, summary judgment was premature.

Judgment reversed and remanded.

SNYDER and CRIST, JJ., concur.

**2.** Freidrich attempts to rely on *State ex rel. Badami v. Gaertner*, 630 S.W.2d 175 (Mo.App.—E.D.1982), but he overlooks the fact that he is alleged to have committed an intentional tort. In *Badami*, we said only that a supervisor may not be held personally liable for failure to perform the employer's duty to provide a safe place to work.

**3.** We note our agreement with the trial court that the petition states a cause of action in negligence against DePaul. DePaul has not briefed the issue and so we assume it agrees as well.

**4.** *See Person v. Scullin Steel Co.*, 523 S.W.2d 801 (Mo.banc 1975).

Generally, assaults which are caused by the dangerous nature of the employees duties, or the conditions under which he is required to perform them, and those which are unexplained or of neutral origin are compensable. But assaults which arise out of purely personal associations are not compensable.