Frank HOOD, Plaintiff-Appellant,

v.

TRANS WORLD AIRLINES, INC., et al.,
Defendants-Respondents.

No. 45854.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 25, 1983.

Motion for Rehearing/Transfer to
Supreme Court Denied March 17, 1983.

Application to Transfer Denied
April 26, 1983.

Kenneth J. Heinz, St. Louis, for plaintiff-
appellant.

M. Jane Christen, Moser, Marsalek, Carpenter, Cleary, Jaeckel & Keanery, St. Louis, for defendants-respondents.

STEPHAN, Presiding Judge.

This appeal arises out of the trial court's dismissal of plaintiff's petition for damages against his employer Trans World Airlines, Inc. (TWA). The dismissal was granted in response to TWA's motion asserting that plaintiff's remedies, if any, are governed exclusively by the Workers' Compensation Law. § 287.010, RSMo, 1980 Cum.Supp., et seq. A co-defendant, William C. Unash, filed an answer raising various defenses and claiming that plaintiff failed to state a claim upon which relief could be granted. The trial court acted only on TWA's motion (referring to it as one for summary judgment) and designated its dismissal of the petition as final and appealable under Rule 81.06. The only issue before us is whether the trial court erred in dismissing the petition as to TWA. We hold that it did not and affirm.

For his claim against TWA, plaintiff alleged that on or about April 9, 1981, he was employed by TWA at its place of business at Lambert St. Louis International Airport under the supervision of Unash, whom TWA had designated as plaintiff's supervisor. Plaintiff further alleged that while he was so employed Unash reprimanded plaintiff for failing to perform his duties and, in the course of reprimanding him, Unash spat in plaintiff's face. According to plaintiff, Unash's acts were in the scope and course of his employment, and inter alia, constituted outrageous conduct, were intentional, caused plaintiff emotional distress and humiliation in the presence of fellow employees, resulting in his loss of employment. Plaintiff sought actual damages in the amount of $50,000 and punitive damages in the amount of $100,000.

We are of the opinion that disposition of the case is controlled by § 287.120–1, RSMo 1978 which provides:

Every employer subject to the provisions of this chapter shall be liable, irrespective

of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident arising out of and in the course of his employment, and shall be released from all other liability therefor whatsoever, whether to the employee or any other person. The term "accident" as used in this section shall include, but not be limited to, injury or death of the employee caused by the unprovoked violence or assault against the employee by any person.

The incident described in the petition is an "accident" as defined by the foregoing, and the employer is therefore "released from all other liability ..." Unlike the factual situation in *Hollrah v. Freidrich,* 634 S.W.2d 221, 223 (Mo.App.1982), upon which plaintiff relies, we are not left in ignorance of "where the assaults occurred, or what the circumstances were under which they took place." As indicated above, the petition spells out with precision that the one incident here involved took place at the employer's place of business during the course of Unash's acting pursuant to the supervisory powers bestowed on him by TWA over plaintiff. The act was occasioned by the very fact of plaintiff's employment and his failure to perform his duties in a manner satisfactory to TWA as seen through the eyes of Unash. In short, Unash's offensive act did not arise out of a private quarrel personal to Unash and the plaintiff, but rather out of the employer-employee relationship itself and was based solely upon plaintiff's performance as an employee. See *Person v. Scullin Steel Company,* 523 S.W.2d 801 (Mo. banc 1975). On the basis of the record before us, we hold that any liability on the part of TWA is exclusively controlled by the Workers' Compensation Law; and plaintiff is free to pursue any remedies against Unash as may be available to him.

Affirmed.

SATZ and KAROHL, JJ., concur.