Susan Lawson PRYOR and Ronald E. Pryor, Plaintiffs,

v.

UNITED STATES GYPSUM COMPANY, et al., Defendants.

No. 83–1235–CV–W–8.

United States District Court, W.D. Missouri, W.D.

April 23, 1984.

312

Roxanne J. Pendleton, Allan W. Zimmerman, Von Erdmannsdorff & Zimmerman, Kansas City, Mo., for plaintiffs.

Leonard Singer, Watson, Ess, Marshall & Enggas, Kansas City, Mo., for defendants.

## ORDER

STEVENS, District Judge.

Plaintiff Susan Lawson Pryor filed this action against her former employer, United States Gypsum Company (USG), and six male supervisors, alleging sex-based harassment and discharge, assault and battery, and a violation of the Missouri Service Letter Statute. Her husband, Ronald E. Pryor, joined in the action with two claims for loss of consortium.

Defendants originally moved to dismiss the claims for compensatory and punitive damages under Title VII and to dismiss the allegations of sex discrimination based on 42 U.S.C. §§ 1981 and 1983. Defendants later expanded their motion and now also seek dismissal of the assault and battery claims and the consortium claims as barred by the Workers' Compensation Law of Missouri. Plaintiffs have responded to both the original and expanded motion.

### I.

■ The measure of damages under Title VII and the applicability of 42 U.S.C. §§ 1981 and 1983 to this case require only brief discussion. It is clear to this court that Title VII authorizes only equitable relief. Traditional legal remedies, such as compensatory damages for pain and suffering and punitive damages, are not available under Title VII. *Hybki v. Alexander & Alexander, Inc.,* 536 F.Supp. 483, 484–85 (W.D.Mo.1982) (citing cases).

■ Plaintiffs do not challenge the proposition that "sex discrimination in employment is not cognizable under § 1981." *De-Graffenreid v. General Motors Assembly Division,* 558 F.2d 480, 486 n. 2 (8th Cir. 1977). However, plaintiffs do suggest that USG, as a regulated business, acted under color of state law so as to make 42 U.S.C. § 1983 applicable to this case. To accept this erroneous assertion would impose virtually limitless liability upon nearly every member of this regulated society. "The mere fact that a business is regulated by state law or agency does not convert its dealings into acts 'under color of state

law.'" *Freier v. New York Life Insurance Co.,* 679 F.2d 780, 783 (9th Cir.1982).

### II.

■ Defendants' argument that the Workers' Compensation Law of Missouri bars Susan Lawson Pryor's claim for assault and battery and her husband's claims for loss of consortium requires more extensive consideration. USG argues that the Workers' Compensation Law provides the exclusive remedy for employee injuries and bars all common law claims by an employee and spouse for such injuries. Mo.Ann.Stat. § 287.120.2 (Vernon Supp.1984).

The individual defendants join USG in this argument, but the Workers' Compensation Law will not shield them from liability in this situation. "The existence of a remedy against plaintiff's employer, under the Workers' Compensation Act, would not bar plaintiff's suit against a co-employee for an intentional tort." *Hollrah v. Freidrich,* 634 S.W.2d 221, 223 (Mo.App.1982) (claim of sexual harassment). Accordingly, the motion of the individual defendants to dismiss the assault and battery claim and related claims against them will be denied.

### A.

■ The arguments of the employer, USG, must be placed in the context of the applicable statutory scheme:

Every employer subject to the provisions of this chapter shall be liable, irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident arising *out of* and *in the course of* his employment, and shall be released from all other liability therefor whatsoever, whether to the employee or any other person. The term "accident" as used in this section shall include, but not be limited to, injury or death of the employee caused by the unprovoked violence or assault against the employee by any person.

Mo.Ann.Stat. § 287.120.1 (Vernon Supp. 1984) (emphasis added). "The phrases 'out

of' and 'in the course of' the employment are not synonymous and proof of one does not necessarily establish the other." *Gregory v. Lewis Sales Co.*, 348 S.W.2d 743, 745 (Mo.App.1961). An injury "in the course of" employment occurs "within the period of employment, at a place where claimant reasonably might have been, and while he was engaged in performing the duties of his employment ...." *Id.* An injury arises "out of" employment "when there is a causal connection between the conditions under which the work is required to be performed and the resulting injury." *Id.* To arise out of employment, the injury must be a natural and reasonable incident of employment, *i.e.* a rational consequence of some hazard related to the work; however, it need not be foreseen or anticipated. *Id.* at 745–46.

As quoted above, the statute defines "accident" to include injury or death "caused by the unprovoked violence or assault against the employee by any person." Mo. Ann.Stat. § 287.120.1. In analyzing the scope of this definition, Missouri courts have defined three categories of assault. First are those which are "the result of some risk directly attributable to the employment." *Person v. Scullin Steel Co.*, 523 S.W.2d 801, 803 (Mo. En Banc 1975). Second are "[t]hose committed in the course of private quarrels that are purely personal to the participants." *Id.* at 804. Third are "[i]rrational, unexplained or accidental assaults of so-called 'neutral' origin, which, although they occur 'in the course of' the victim's employment, cannot be attributed to it on any more rational basis than that the employment afforded a convenient occasion for the attack to take place." *Id.* The Workers' Compensation Law covers injuries sustained in assaults of the first and third categories; however, injuries arising out of private quarrels which occur in the workplace are not covered. *Id. See also Allen v. Dorothy's Laundry & Dry Cleaning Co.*, 523 S.W.2d 874 (Mo.App.1975).

■ One final principle necessary to preface consideration of USG's argument is the effect of the Workers' Compensation Law upon an intentional tort claim. Missouri follows the rule that an employee's claim for injuries intentionally inflicted by the employer or his agent is not barred by the Workers' Compensation Law. *Gambrell v. Kansas City Chiefs Football Club, Inc.*, 562 S.W.2d 163, 165 (Mo.App.1978). The reason for this rule is that an employer will not be allowed to relabel an intentional act as "accidental" to invoke the exclusive and limited statutory remedy. *McCoy v. Liberty Foundry Co.*, 635 S.W.2d 60, 62 (Mo.App.1982). "[F]or employer conduct to be actionable as a "nonaccidental" cause of injury, the employer must intentionally act with the specific purpose of thereby injuring the employee." *Id.*

### B.

■ Having set forth the pertinent principles of the statutory scheme of compensation for employee injuries, the court will now address the contentions of the defendant employer, USG. The basic premise of USG's argument is that the Workers' Compensation Law covers the injuries for which plaintiff Susan Lawson Pryor seeks compensation. For the reasons set forth below, the court cannot accept this premise, at least not on the present state of the record. Since the Workers' Compensation Law affords no remedy in this case, it obviously cannot operate to exclude other possible remedies. Therefore, dismissal of the assault and battery claim is unwarranted.

In support of its argument, USG first notes that the term "accident" is broadly defined under Missouri law and is to be broadly construed, citing *Wynn v. Navajo Freight Lines, Inc.*, 654 S.W.2d 87, 89 (Mo. En Banc 1983) (awarding compensation for work-induced heart attack). USG does not fully explore this principle, however, since it does not even mention the assault doctrine or the tripartite categorization of assaults set forth previously. Assaults which occur during private personal quarrels are "accidents" as defined in section 287.120.1, but they are not compensable

because it is still necessary that such "accidents" arise out of and in the course of employment. *See Person*, 523 S.W.2d at 805–06. By definition, personal disputes do not so arise.

Without discussing the assault doctrine directly, USG does contend that the alleged incidents arose out of Susan Lawson Pryor's employment, citing allegations from the first amended complaint. For instance, plaintiffs allege that each individual defendant engaged in the alleged acts "within the course and scope of his employment"; moreover, each individual defendant is alleged to have acted "in his official capacity as a member of management" "for purposes of all acts described." Since USG does not employ the tripartite categorization of assaults but instead generally argues that these allegations demonstrate the claimed injuries are covered by statute, the court can only assume that USG contends that the injuries sustained by Susan Lawson Pryor are "the outgrowth of frictions generated by the work itself" and are therefore "the result of some risk directly attributable to the employment." *Person*, 523 S.W.2d at 803. Assaults which fit this definition belong in the first category and are compensable. *Id.* USG cites two cases in support of this argument.

In *Hood v. Trans World Airlines, Inc.*, 648 S.W.2d 167 (Mo.App.1983), an employee sued for injuries caused when a supervisor, while reprimanding the employee for his job performance, spat in his face. The employee sought damages for intentional tort, but the court dismissed the claim as barred by the Workers' Compensation Law. In *Russell v. United Parcel Service, Inc.*, 666 F.2d 1188 (8th Cir.1981), the employee, a truck driver, was assaulted and raped as she delivered parcels. The Eighth Circuit held that the Workers' Compensation Law of Missouri provides the exclusive remedy for emotional distress caused by unsafe working conditions.

*Hood* and *Russell* are both examples of category one assaults.[1] *Hood* arose out of "frictions generated by the work itself"; the spitting incident occurred as the employee was being reprimanded for his job performance. The assault in *Russell* occurred as the employee delivered parcels in a "dangerous environment."

To accept *Hood* and *Russell* as controlling in the instant case, as suggested by USG, begs the central question: did the alleged assaults arise out of Susan Lawson Pryor's employment? USG's attempt to answer this question in the affirmative by pointing to the allegations of the first amended complaint rings hollow. USG in its answer denies those allegations and could be expected to argue in a proceeding under the Workers' Compensation Law that the alleged assaults were the result of purely personal and private quarrels and are therefore not compensable. The court will not permit USG to whipsaw the plaintiff. Moreover, USG overlooks the rule that certain claims for intentional torts are not barred by the statutory scheme of compensation. Certainly if plaintiffs are to hold USG accountable for the allegedly intentional acts of its agents, they must allege that the agents acted pursuant to the terms of their authority.

USG also attempts to defeat the claim for assault and battery by arguing that the injuries claimed are of the type appropriate for compensation under the exclusive statutory remedy. It is correct that "Missouri courts focus on the nature of the injury to determine whether or not the workers' compensation remedy is exclusive." *Russell*, 666 F.2d at 1192 (citing *Gambrell v. Kansas City Chiefs Football Club*, 562 S.W.2d 163 (Mo.App.1978)). In *Gambrell*, the employee claimed that false representations by the employer as to the employee's fitness to play football caused him to suffer personal injuries. The court noted that since the damage alleged as a result of the

---

**1.** Arguably, *Russell* involves a category three assault, *i.e.* an irrational, unexplained, or accidental assault of neutral origin. *See Person*, 523 S.W.2d at 804. The distinction is immaterial here since such an assault is compensable as is a category one assault. *See Allen*, 523 S.W.2d at 877–79.

fraud (physical injury) was essentially the same as the injury for which the employee had already received statutory compensation, his claim was barred by the Workers' Compensation Law. At the same time, the court noted that suits for false arrest, false imprisonment, or slander wherein the alleged damages were embarrassment, humiliation, pain, anguish, damaged reputation, and the like were not barred by the Workers' Compensation Law since "the damages for which the employee sought recovery were other than (*or at least only to a very slight extent*) physical injuries to the body of the type intended to be compensated by the pattern of the Workmen's Compensation Act." *Id.* at 166 (emphasis added). A review of the first amended complaint reveals that Susan Lawson Pryor complains mainly of emotional distress, nervousness, and damage to her reputation. There are a few allegations of physical injuries to her arm and hip during the incidents in question, but they do not appear to be of great magnitude either in absolute or relative terms. At this stage of the proceedings, the court cannot find that Susan Lawson Pryor seeks relief primarily for injuries encompassed by the Workers' Compensation Law so as to render it her exclusive remedy.

Ultimately, this motion to dismiss must fail because this court cannot say as a matter of law that the injuries alleged arose out of Susan Lawson Pryor's employment.[2] It is axiomatic that, in ruling a motion to dismiss, "the allegations of the pleading are to be construed in the light most favorable to the pleader and accepted as true." 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1363 at 656 (1969). So construed, the first amended complaint alleges a campaign of assault and harassment by USG and its agents against Susan Lawson Pryor based primarily on her sex and only incidentally on her status as an employee. The mere fact that the alleged perpetrators were her supervisors and employer does not necessarily mean any resulting injuries arise out of employment so as to bring them within the Workers' Compensation Law. As stated before, an injury arises out of employment "when there is a causal connection between the conditions under which the work is required to be performed and the resulting injury." *Gregory*, 348 S.W.2d at 745. "This issue must be decided in each case upon its own facts and no formula is applicable." *Person*, 523 S.W.2d at 805. On the pleadings now presented, the court cannot say that what allegedly happened to Susan Lawson Pryor was "a rational consequence of some hazard connected" with her employment. *Gregory*, 348 S.W.2d at 745–46 (emphasis deleted). Certainly it is rational to expect that an employee may not perform to the satisfaction of an employer and may be subject to reprimand or other discipline. It is also apparently rational to expect that such encounters may become quite hostile and yet remain covered under Workers' Compensation Law. *See Hood*, 648 S.W.2d at 168 (supervisor spat on employee). However, the facts alleged in the first amended complaint, construed favorably to plaintiffs, go well beyond this. The court is simply not prepared to say that a female who goes to work in what is apparently a predominately male workplace should reasonably expect sexual harassment as part of her job, so as to bring any such injuries under the Workers' Compensation Law.[3]

The Workers' Compensation Law was designed to provide a "sure and speedy means of compensation for injuries suffered in the course of employment without

---

2. On the other hand, the injuries probably arose in the course of employment since the alleged incidents apparently occurred in the workplace during normal working hours. These facts do not, however, necessarily establish that the injuries arose out of employment. *Gregory*, 348 S.W.2d at 745.

3. There may well be a limited category of jobs (such as adult entertainment) in which sexual harassment may be a rational consequence of such employment so as to bring any resulting injuries within the statutory scheme. For present purposes, it suffices to note that employment in a paper mill would not fit within such a category, even if defined expansively.

the necessity of proving fault on the part of the employer." *Gambrell,* 562 S.W.2d at 165. It was not designed to prevent an employee from pleading and attempting to prove an intentional tort claim such as this. *See Hollrah v. Freidrich,* 634 S.W.2d 221, 223 (Mo.App.1982) (reversing dismissal of sexual harassment claim as barred by Workers' Compensation Law).

### III.

 Only the consortium claims of plaintiff Ronald E. Pryor remain to be considered. Counts III and VI are essentially the same except Count III is predicated on the Title VII claims and Count VI is predicated on the assault and battery claim. As discussed at the beginning of this order, only equitable relief is available under Title VII and plaintiffs have offered no authority to support the recognition of a consortium claim under Title VII. Accordingly, Count III will be dismissed. Count VI will not be dismissed, however, since the underlying claim for assault and battery has withstood challenge.

### IV.

For the reasons stated, it is

ORDERED that defendants' motions to dismiss are granted in part, and the following portions of the First Amended Complaint are dismissed:

1. Paragraphs 13, 15, 17–19, and 21–25 of Count I;
2. Paragraphs 5–10, 13, and 15–19 of Count II; and
3. Count III.

In all other respects, the motions to dismiss are denied.