**STATE of Missouri ex rel. CONSUMER ADJUSTMENT COMPANY, INC.,
et al., Relators,**

v.

**The Honorable John L. ANDERSON,
Respondent.**

**No. 59884.**

Missouri Court of Appeals,
Eastern District,
Division Six.

July 30, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 5, 1991.

Application to Transfer Denied
Oct. 16, 1991.

Lawrence J. Altman, Clayton, for relators.

Deeba Sauter Herd, St. Louis, for respondent.

GRIMM, Presiding Judge.

Relator Consumer Adjustment Company[1] seeks a writ of prohibition compelling respondent judge to sustain Consumer's motion to dismiss the underlying petition. The underlying petition alleges plaintiff, an employee of Consumer, was assaulted by a co-worker while at work in Consumer's office. Consumer contends plaintiff's action lacks subject matter jurisdiction, because it falls under the exclusive remedy provision of the Workers' Compensation Law, § 287.-120.2.[2] We agree. Our preliminary order is made permanent.

In Count I of the underlying action, plaintiff pleads an assault claim against his co-worker, Varady. Count II is directed against Consumer, while Counts III and IV are directed at Consumer's manager.

Count II alleges that "while at work for [Consumer], Plaintiff was assaulted by a co-worker, Defendant Varady, who dragged Plaintiff out of the office ..., violently struck him, knocked him unconscious, and attempted to throw him into a trash dumpster, causing Plaintiff to sustain serious and disabling injuries and damages...." Further, plaintiff alleged, "[T]he assault was not an accident in the course of employment of either Plaintiff or Defendant Varady, but rather arose out of the purely personal association of Plaintiff and Defendant Varady."

Consumer filed a motion to dismiss. Citing § 287.120.2, Consumer contends Chapter 287 provides "the exclusive remedy for work related injuries." Hence, Consumer alleges the court lacked subject matter jurisdiction. Further, Consumer contends plaintiff had filed a workers' compensation claim seeking benefits for the same incident; attached to the motion was a copy of the claim.

On the other hand, plaintiff contends the assault was of a "private nature." He points out his petition alleged that "the assault was not an accident in the course of

---

1. The application for writ of prohibition was filed by Consumer and Donald Reed. However, the record furnished us does not disclose Reed filed a motion to dismiss. As a result, this opinion is limited to Consumer's application.

2. All statutory references are to RSMo 1986.

his employment." This averment, he contends, removes his claim from coverage under workers' compensation and gives the circuit court jurisdiction.

The respondent judge overruled the motion to dismiss. In so doing, the judge stayed the underlying action "until such time as plaintiff dismisses his pending claim before the Division of Workers' Compensation ... against [Consumer]." Thereafter, plaintiff dismissed his workers' compensation claim and Consumer sought this writ.

■ Prohibition is the proper remedy to prevent a court from acting in excess of its jurisdiction. *State ex rel. City of St. Louis v. Kinder*, 698 S.W.2d 4, 6 (Mo. banc 1985).

Plaintiff contends his action can be brought in circuit court because assaults "committed in the course of private quarrels that are purely personal to the participants" are not compensable under Missouri's workers' compensation law. *See Person v. Scullin Steel Co.*, 523 S.W.2d 801, 803–04 (Mo. banc 1975). However, the question before us is not whether plaintiff's injuries are compensable under workers' compensation.

■ Instead, the issue is whether the trial court had jurisdiction over plaintiff's action absent a Labor and Industrial Relations Commission determination that plaintiff's injuries were not compensable under workers' compensation.

■ The doctrine of primary jurisdiction determines whether the matter falls within the jurisdiction of the Labor and Industrial Relations Commission. When that doctrine is found to apply, the circuit court cannot "decide a controversy involving a question within the jurisdiction of an administrative tribunal until after that tribunal has rendered its decision." *Killian v. J & J Installers, Inc.*, 802 S.W.2d 158, 160 (Mo. banc 1991).

The primary jurisdiction doctrine applies to the underlying action here. Whether plaintiff's on-the-job assault arose out of and in the course of his employment is a question reserved for the Commission.

A circuit court "may not determine whether there was an 'accident arising out of and in the course of * * * employment.'" *Jones v. Jay Truck Driver Training Center, Inc.*, 709 S.W.2d 114, 115 (Mo. banc 1986). The Labor and Industrial Relations Commission has exclusive jurisdiction over this question. *Hannah v. Mallinckrodt, Inc.*, 633 S.W.2d 723, 727 (Mo. banc 1982); *Killian*, 802 S.W.2d 158 at 161. Therefore, plaintiff cannot proceed with the underlying action until the Commission has determined that the injury did not arise out of and in the course of his employment.

To hold otherwise would not only violate precedent, but also would put the trial court and the parties in an untenable position. As indicated previously, plaintiff's amended petition appears to plead an injury which is non-compensable under workers' compensation. However, Rule 55.33(a) directs trial courts to freely grant leave to amend pleadings, and pleadings may be amended to conform to the evidence. Rule 55.33(b).

Thus, if the pleadings were held to be sufficient for a trial court to determine whether an injury was compensable under workers' compensation, it is arguable that determination could not be made until after the evidence was presented. The trial court's jurisdiction could come and go, based upon amendments to the pleadings. *See* 2A A. LARSON, THE LAW OF WORKMENS' COMPENSATION § 67.60 (1990) (objective of simplicity and speed "is best served by a straightforward policy of primary administrative jurisdiction").

The trial court is directed to dismiss Count II without prejudice. Plaintiff's claim against Consumer must be, in the first instance, addressed to the Labor and Industrial Relations Commission.

The preliminary writ is made permanent.

CARL R. GAERTNER and
PUDLOWSKI, JJ., concur.