Pamela J. YOUNT, Plaintiff–Appellant,

v.

James DAVIS, Defendant–Respondent.

No. 18117.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 5, 1993.

Janet K. Brown, Robert L. Smith, Poplar Bluff, for plaintiff-appellant.

Jasper N. Edmundson, G.H. Terando, Wilhoit, Edmundson, Terando & Hopkins, Poplar Bluff, for defendant-respondent.

FLANIGAN, Judge.

Plaintiff Pamela Yount brought this action against defendant James Davis in the Circuit Court of Bollinger County. Defen-

dant filed a motion to dismiss, which the trial court sustained. Plaintiff appeals.

The two-count petition sought actual and punitive damages. In addition to its formal portions, Count I alleged: Defendant, "d/b/a Four Winds Ranch," is a resident of Bollinger County; on January 6, 1989, plaintiff was hired to work for Four Winds Ranch; in March 1989, defendant began to "repeatedly touch, grab and fondle" plaintiff's body; on each such occasion plaintiff protested the touching and demanded that defendant cease such actions; defendant continually and repeatedly directed sexually suggestive statements and made sexually suggestive threats to plaintiff; on a daily basis, repeated acts of assault and battery were perpetrated upon plaintiff by defendant from approximately one month after she began working at Four Winds Ranch until she was discharged from Four Winds Ranch on July 7, 1989; plaintiff was pregnant at the time of all the aforementioned events; as a direct and proximate result of the repeated assault and battery perpetrated upon her by defendant, plaintiff has suffered severe emotional damage and will in the future suffer physically and emotionally and will require medical and psychological treatment; plaintiff has lost income and will lose income in the future.

Count II of the petition incorporated the allegations of Count I and further alleged that the defendant, in doing "the aforementioned acts," engaged "in conduct that was so outrageous in character and so extreme in degree as to go beyond all bounds of human decency." Count II described defendant's conduct as "intentional infliction of emotional distress upon plaintiff."

Defendant filed a motion to dismiss on the following grounds: "Work related assaults and intentional infliction of emotional distress are clearly covered by the [Missouri Workers' Compensation Law] which provides the exclusive remedy; plaintiff has elected to pursue her cause under the [Workers' Compensation Law], Chapter 287 V.A.M.S. as evidenced by copies of pleadings and copies of plaintiff's deposition attached."[1]

Section 287.030[2] defines the word "employer" as used in the Workers' Compensation Law, Chapter 287 RSMo. Section 287.-030.1(3) reads, in pertinent part: "Any of the above defined employers must have five or more employees to be deemed an employer for the purposes of this chapter unless election is made to become subject to the provisions of this chapter as provided in subsection 2 of section 287.090...."

The petition alleged that defendant, who is an individual, does business as Four Winds Ranch. It alleged that plaintiff was hired to work for the ranch on January 6, 1989, and that plaintiff was discharged on July 6, 1989. The petition did not allege when plaintiff commenced work at the ranch, nor did it allege where the "repeated acts of assault and battery" were committed, whether on the premises of the ranch or elsewhere. The petition did not allege whether defendant's acts occurred during working hours or while plaintiff was engaged in the performance of her duties. The petition made no mention of the Workers' Compensation Law, and it did not allege how many employees defendant had.

Some or all of the foregoing omissions from the petition might have been significant in determining the propriety of the trial court's ruling on defendant's motion to dismiss, but it is unnecessary to reach that determination. Plaintiff's brief in this court states that plaintiff "filed her Workmen's (sic) Compensation claim on August 23, 1990. The basis of her claim was the sexual harassment by [defendant] to [plaintiff]." Defendant's brief is in accord. "Where a statement of facts is asserted in one party's brief and conceded to be true in his adversary's brief, the Court of Appeals may consider it as though it appeared in the record." *Smith v. Calvary Educ. Broadcasting*, 783 S.W.2d 533, 534 (Mo.

1. Defendant's motion did not challenge the sufficiency of Count I to state a claim for relief, and no such challenge is made by defendant here. Defendant's motion challenged the sufficiency of Count II to state a claim for relief. It is unnecessary to consider the merits of that challenge.

2. All references to statutes are to RSMo 1986, V.A.M.S.

App.1990); see also *Nastasio v. Cinnamon*, 295 S.W.2d 117, 119[1] (Mo.1956).

Section 287.120 reads, in pertinent part:

1. Every employer subject to the provisions of this chapter shall be liable, irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident arising out of and in the course of his employment, and shall be released from all other liability therefor whatsoever, whether to the employee or any other person. The term "accident" as used in this section shall include, but not be limited to, injury or death of the employee caused by the unprovoked violence or assault against the employee by any person.[3]

2. The rights and remedies herein granted to an employee shall exclude all other rights and remedies of the employee ... at common law or otherwise, on account of such accidental injury or death, except such rights and remedies as are not provided for by this chapter.

In *Killian v. J & J Installers, Inc.*, 802 S.W.2d 158 (Mo. banc 1991), the court, after setting forth the foregoing provisions of § 287.120, said, at 160:

Section 287.020.2, RSMo 1986, further defines an "accident" as "an unexpected or unforeseen event happening suddenly and violently, with or without human fault, and producing at the time objective symptoms of an injury."

"The Worker's Compensation Law is wholly substitutional in character and ... any rights which a plaintiff might have had at common law have been supplanted and superseded by the act, if applicable." *Jones v. Jay Truck Driver Training Center, Inc.*, 709 S.W.2d 114, 115 (Mo. banc 1986). This, of course, is the meaning of Section 287.120.2.

*Killian* supports the trial court's order of dismissal. In *Killian*, the plaintiff filed a common law action in the circuit court against his *corporate* employer, J & J Installers, Inc. Several individuals were co-defendants. The corporate employer filed a *motion* to dismiss, challenging the subject matter jurisdiction of the circuit court and arguing that the Labor and Industrial Relations Commission had exclusive subject matter jurisdiction over Killian's claim for damages under the Workers' Compensation Law. The trial court sustained the corporation's motion to dismiss. The case remained pending against the individual defendants. The trial court designated its dismissal as appealable. The supreme court affirmed the dismissal.

The court said, at 159, that the question it was considering was "whether a circuit court has jurisdiction to determine whether an employee's injuries are the product of an accident or the intentional act of an employer." The question was answered in the negative.

Killian's petition pleaded that an employer-employee relationship existed between the corporation and Killian. The supreme court dealt with the petition on the basis that it alleged that Killian's injuries resulted from intentional acts of his corporate employer.

Citing *Jones v. Jay Truck Driver Training Center, Inc.*, 709 S.W.2d 114 (Mo. banc 1986), the court held, at 160, that the circuit court "may not determine whether there was *an accident arising out of and in the course of employment.*" (Emphasis added.) Citing *Hannah v. Mallinckrodt, Inc.*, 633 S.W.2d 723 (Mo. banc 1982), the court said, at 160, that the Labor and Industrial Relations Commission "has exclusive jurisdiction to determine whether an employee's injuries resulted from an accident," and that "recognition of the concurrent jurisdiction in the circuit court to determine that question would nullify the legislative intent to place exclusive jurisdiction in the Commission." Citing *State ex rel. McDonnell Douglas Corp. v. Ryan*, 745 S.W.2d 152 (Mo. banc 1988), the court said, at 161, that where the parties agree that an employer-employee relationship exists at the time of decedent's death, "the Labor and Industrial Relations Commission has sole jurisdiction to determine whether decedent's death was an 'accident.'" Finally, at 161, the court

---

3. The last sentence in § 287.120.1 was added in 1969. For a comprehensive discussion of the purpose of the amendment, see *Person v. Scullin Steel Co.*, 523 S.W.2d 801 (Mo. banc 1975).

said: "[W]e hold that the question whether Daniel Killian's injuries were the product of an accident or of an intentional act by the employer lies within the exclusive jurisdiction of the Labor and Industrial Relations Commission. 'Neither the trial court nor this Court can make that determination.' "

An obvious factual difference between *Killian* and the case at bar is that in *Killian* the employer was a corporation and here the defendant-employer is an individual. If plaintiff's employer were a corporation and defendant Davis were a co-employee of plaintiff, "[t]he existence of a remedy against plaintiff's employer, under the Workers' Compensation Act, would not bar plaintiff's suit against a co-employee for an intentional tort." *Hollrah v. Freidrich*, 634 S.W.2d 221, 223[1] (Mo.App.1982).

It might be argued that a corporation, as a mere legal entity, is incapable of harboring evil intent and that only a human being can have an intention. It might be argued that a corporation cannot intentionally injure a person and that only another person can do so. It might be argued that sexual harassment could never properly be deemed to arise out of and in the course of employment. The same argument could be made with respect to any intentional misconduct.

Nevertheless, the court, in *Killian*, treated the petition on the basis that it alleged Killian's injuries resulted from the intentional acts of the corporate employer. The court said that the circuit court lacked jurisdiction to determine "whether there was an accident arising out of and in the course of employment."

▪ This court holds that, under *Killian*, the trial court properly concluded that it lacked subject matter jurisdiction. See also *State ex rel. Consumer Adj. Co. v. Anderson*, 815 S.W.2d 84 (Mo.App.1991). The trial court's order of dismissal, on the basis that it lacked subject matter jurisdiction, has no res judicata effect. *Crofts v. Harrison*, 772 S.W.2d 901, 902 (Mo.App. 1989); *Zahn v. Associated Dry Goods Corp.*, 655 S.W.2d 769, 772 (Mo.App.1983).

The judgment is affirmed.

MONTGOMERY, P.J., concurs.

PREWITT, J., dissents and files dissenting opinion.

PREWITT, Judge, dissenting.

I respectfully dissent. I do not believe that *Killian v. J & J Installers, Inc.*, 802 S.W.2d 158 (Mo. banc 1991), supports the trial court's action. The allegations here establish that this is not a claim exclusively within the Workers' Compensation Law. *Cf. Hollrah v. Freidrich*, 634 S.W.2d 221 (Mo.App.1982).

A "narrow exception" to the exclusivity provisions of the Workers' Compensation Law is "one that imposes common law tort liability on an employer for intentionally inflicting injury on an employee." *McCoy v. Liberty Foundry Co.*, 635 S.W.2d 60, 62 (Mo.App.1982). *See Generally* Annotation, *What conduct is willful, intentional, or deliberate within workmen's compensation act provision authorizing tort action for such conduct*, 96 A.L.R.3d 1064 (1980).

Federal and state courts have recognized that sexual harassment is not covered by workers' compensation law. See for example, *Pryor v. United States Gypsum Co.*, 585 F.Supp. 311 (W.D.Mo.1984); *Pursell v. Pizza Inn Inc.*, 786 P.2d 716 (Okla.App.1990). *See also* Annotation, *Workers' Compensation: Sexual assaults as compensable*, 52 A.L.R.4th 731, 742 (1987). The circuit court as a court of general jurisdiction has jurisdiction over such actions. See *Schneider v. Union Electric Co.*, 805 S.W.2d 222, 224–226 (Mo. App.1991).

I would reverse and remand the matter for further proceedings in the trial court.