**Rhonda MASSEY, Plaintiff,**

v.

**The VICTOR L. PHILLIPS, CO., Defendant.**

**No. 93–5012–CV–SW–8.**

United States District Court, W.D. Missouri, Southwestern Division.

Aug. 2, 1993.

R. Deryl Edwards, Charles Buchanan, Joplin, MO, for plaintiff.

Daniel D. Whitworth, Myers, Taylor and Whitworth, P.C., Joplin, MO, for defendant.

**598**

## ORDER

STEVENS, Chief Judge.

This matter is before the court on the motion of defendant Victor L. Phillips Company ("Phillips") to dismiss Count II of plaintiff's three-count complaint for lack of subject matter jurisdiction. In Count II plaintiff seeks to recover in tort for invasion of privacy, allegedly resulting from Phillips' employees use of a "peep hole" to spy on plaintiff during her use of a bathroom. The remaining two counts are brought pursuant to Title VII and the Missouri Human Rights Act, Mo.Rev.Stat. § 213.111 (Supp.1993). For the reasons set forth below, Phillips' motion to dismiss Count II is granted.

Taken from plaintiff's complaint, the facts supporting Count II are as follows: Plaintiff was employed by Phillips from October 1989, until February 1992. Plaintiff, the only female employee in the Joplin office, alleges that after several months on the job she discovered a peep hole between the only bathroom available for her use and the supervisory employees' bathroom. According to plaintiff, the appearance of the peep hole indicated that it had been there for a long period of time. Plaintiff alleges that during the time the peep hole was present she was subjected to "lewd, demeaning and embarrassing sexual comments and sexual harassment...." Compl. at 5. All of this resulted in severe physical and emotional pain.

Phillips puts forth a two-part argument in support of its motion to dismiss. First, it claims that plaintiff's alleged injury resulted from an accident that arose out of and in the course of her employment. If this is true, then Missouri's Workers' Compensation Law, Mo.Rev.Stat. Chapter 287, provides the exclusive remedy and preempts her common law invasion of property claim.[1] *See State ex rel. McDonnell Douglas Corp. v. Ryan*, 745

S.W.2d 152, 154 (Mo.1988) (en banc) ("The workers' compensation law is substitutional; it supplants all other common-law rights of an employee if the act is applicable") (citing *Jones v. Jay Truck Driving Center, Inc.*, 709 S.W.2d 114, 115 (Mo.1986)). Second, Phillips contends that the Labor and Industrial Relations Commission ("LIRC"), not the court, has exclusive jurisdiction to determine whether injuries result from an accident covered by workers' compensation. Phillips concludes that since the LIRC has not yet had a chance to review plaintiff's claim to decide it her injuries are covered, Count II of the complaint must be dismissed.

This court has entertained another lawsuit similar to the instant one. In *Pryor v. United States Gypsum Co.*, 585 F.Supp. 311 (W.D.Mo.1984), this court held that a plaintiff who alleged that her supervisor sexually assaulted her was not barred by workers' compensation law from pursuing an intentional tort action here. That opinion stated:

> [t]he court is simply not prepared to say that a female who goes to work in what is apparently a predominantly male workplace should reasonably expect sexual harassment as part of her job, so as to bring any such injuries under the Workers' Compensation Law.

*Id.* at 316.

The result in *Pryor* followed from a line of Missouri cases, including *McCoy v. Liberty Foundry Co.*, 635 S.W.2d 60, 62 (Mo.App. 1982) and *Gambrell v. Kansas City Chiefs Football Club*, 562 S.W.2d 163, 165 (Mo.App. 1978), which indicated that plaintiffs might be able to sidestep the reach of workers' compensation if they alleged common law claims that impose tort liability against employers for intentionally inflicting injury.[2] The *Pryor* decision led to a similar holding

---

1. Section 287.120.1 provides as follows:

   Every employer subject to the provisions of this chapter shall be liable, irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident arising out of and in the course of his employment, and shall be released from all other liability therefor whatsoever, whether to the employee or any other person. The term "accident" as

   used in this section shall include, but not be limited to, injury or death of the employee caused by unprovoked violence or assault against the employee by any person.

2. The *McCoy* case recognized a "narrow exception" to the exclusivity of workers' compensation law when the plaintiff seeks to impose liability on the employer for intentionally inflicting injury. 635 S.W.2d at 62.

by Judge Sachs in *Smith v. Ford Motor Co.*, 1990 WL 301520 (W.D.Mo. March 15, 1990). In each of these cases the issue of whether the LIRC has exclusive authority to determine if plaintiff's claim is an accident was not addressed, presumably because if a claim meets the narrow exception of intentional torts discussed in *McCoy*, then the workers' compensation statutes have no application.

Recent Missouri Supreme Court cases, however, suggest that such reasoning is flawed. In *Killian v. J & J Installers, Inc.*, 802 S.W.2d 158 (Mo.1991) (en banc), the court held that Missouri circuit courts were without subject matter jurisdiction to decide whether any on-the-job injury was an accident since that decision rested within the exclusive jurisdiction of the LIRC. *Id.* at 160–61. The constitutionality of this rule was upheld by the court in *Goodrum v. Asplundh Tree Expert Co.*, 824 S.W.2d 6, 8–12 (Mo.1992) (en banc). These cases, and others of their ilk, emphatically suggest that in all instances where an injured person seeks to hold his or her employer liable under any common law tort theory, including intentional torts, for injuries resulting from the work experience, the LIRC has first crack at determining whether the injuries are the result of an accident covered by workers' compensation. If they are, workers' compensation provides the exclusive remedy. If not, the injured person can proceed in court. This rule of law governs cases such as the instant one where the acts complained of are in no way accidental. *See Yount v. Davis*, 846 S.W.2d 780, 782 (Mo.App.1993); *Hill v. John Chezik Imports*, 797 S.W.2d 528, 531 (Mo. App.1990).

The *Yount* and *Hill* cases are particularly instructive since both cases involved claims of sexual harassment. In each instance, the court held that it did not have jurisdiction to determine whether the claim against the employer resulted from an accident that arose out of and in the course of employment; rather, the LIRC had exclusive jurisdiction to make that determination. *Yount*, 846 S.W.2d at 783; *Hill*, 797 S.W.2d at 531.[3]

Thus, Missouri courts appear undaunted by the fact that the injury in question is the result of obviously intentional acts, and they make no distinction between acts resulting in physical injuries and those which result in emotional injuries. In the court's view, these cases bring into doubt the continuing validity of *McCoy* and similar decisions.

The case of *Sullivan v. Curators of Univ. of Missouri*, 808 F.Supp. 1420 (E.D.Mo. 1992), upon which plaintiff heavily relies, does not lead to a result contrary to the one reached by this court. That case merely acknowledges that there may be Missouri state statutes which provide a cause of action for emotional distress and are not preempted by workers' compensation law. In the instant case, Count II is based on the common law tort of invasion of privacy, not any state statute. Moreover, this case is dissimilar to *Kientzy v. McDonnell Douglas Corp.*, 990 F.2d 1051 (8th Cir.1993), in which the Eighth Circuit held that the plaintiff's claims were outside the reach of the LIRC and workers' compensation statutes since her injuries occurred after she was improperly discharged from employment. *Id.* at 1060–61. Here, plaintiff claims her injuries began while she was still employed at Phillips.

In disputes such as the present one, the court's role is to determine how it believes Missouri state courts would handle the situation and rule accordingly. For the reasons set forth above, the court concludes that a Missouri circuit court faced with this same issue would recognize the exclusivity of the LIRC's jurisdiction and dismiss the common law tort claim. Consequently, it is

ORDERED that defendant's motion to dismiss Count II of the complaint is granted.

---

3. In *Hill*, the court let stand plaintiff's intentional tort claim against the employee. In *Yount*, plaintiff's employer was the was also the individual who allegedly harassed her. Presumably, that court affirmed the dismissal of plaintiff's action because it was brought against defendant "d/b/a Four Winds Ranch," 846 S.W.2d at 781, and not against the defendant as an individual.