Cheryl Miller THOMPSON, Appellant,

v.

WESTERN–SOUTHERN LIFE
ASSURANCE COMPANY,
ET AL., Respondent.

No. ED 80263.

Missouri Court of Appeals,
Eastern District,
Division Four.

July 23, 2002.

Raymond Howard, St. Louis, MO, for appellant.

Bradley S. Hiles, R. Lance Witcher, Susanne J. Blackwell, St. Louis, MO, for respondent.

LAWRENCE G. CRAHAN, Judge.

Cheryl Miller Thompson ("Employee") appeals the trial court's entry of summary judgment in favor of Western–Southern Life Assurance Company ("Employer"). We affirm.

When considering an appeal from a grant of summary judgment pursuant to Rule 74.04, "our review is essentially *de novo*." *ITT Commercial Finance Corp. v. Mid–America Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). We review the record in the light most favorable to the party against whom judgment was entered. *Id.* We take as true facts set forth by affidavit or otherwise in support of the moving party's motion unless contradicted by the non-moving party's response. *Id.* Summary judgment may be granted where the movant can establish that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *Id.* at 377.

A movant's right to judgment as a matter of law differs depending upon whether the movant is a "claimant," one who seeks to recover, or a "defendant party," one against whom recovery is sought. *Id.* at 380–81. Because Employer is a defending party, we will assess its required prima facie showing accordingly. Since a defending party does not bear the burden of persuasion at trial, it need not controvert each element of the non-movant's claim in order to establish a right to summary judgment. *Id.* at 381. Rather, a defendant party must show one of the following:

(1) facts that negate *any one* of the claimant's elements facts, (2) that the non-movant, after an adequate period of discovery, has not been able to produce,

and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of *any one* of the claimant's elements, or (3) that there is no genuine dispute as to the existence of *each* of the facts necessary to support the movant's properly-pleaded affirmative defense.

*Id.* (emphasis in original). Further, regardless of which of these three means is employed, each establishes a right to judgment as a matter of law. *Id.*

 When the movant has made a prima facie showing, the non-movant's only recourse is to show by affidavit, depositions, answers to interrogatories, or admissions on file, that one or more of the material facts are genuinely disputed. For purposes of Rule 74.04, a genuine issue exists where the record contains competent materials that establish two plausible, but contradictory, accounts of the essential facts. *Id.* at 382. A genuine issue is a dispute that is real, and not merely argumentative, imaginary, or frivolous. *Id.* In the absence of a genuine dispute as to one or more material facts, summary judgment is proper. *Id.* Finally, we note that in deciding cases brought under the MHRA, we are guided not only by Missouri law, but also by applicable federal employment discrimination decisions. *Pollock v. Wetterau Food Distribution Group*, 11 S.W.3d 754, 762 (Mo.App.1999).

Employee began working for Employer in February 1998 under the direct supervision of Robert Walters ("Supervisor"). Her active employment continued until July 28, 1998, when she went on medical leave after slipping and falling at work. After twelve weeks passed, Employer sent a letter to Employee informing her that if she did not return to work or notify Employer of her return status, she would be terminated. Employee did not return to

work or contact Employer. She was discharged on October 27, 1998.

Employee testified that while employed by Employer, Supervisor made unwelcome sexual advances, used sexually inappropriate language, denied her training opportunities, and would only allow her access to the men's restroom, requiring her to announce to the office that she had to use the bathroom. At some point Employee tried to complain to Joe O'Donovan ("District Manager"), Employee's district manager, but he was not interested in listening to her complaints. She also complained to some of the medical providers she consulted with after her fall. Employee had no contact with Supervisor after her July 1998 injury.

On April 22, 1999, Employee filed a charge of discrimination against Employer with the Missouri Human Rights Commission ("Commission"), alleging sexual harassment and retaliatory discharge. Employee received a right to sue letter pursuant to the Missouri Human Rights Act ("MHRA") and filed this action in circuit court. The court granted summary judgment in favor of Employer.

 Employee raises three points on appeal. In her first point, Employee argues that the trial court erred in granting summary judgment on the ground that her discrimination claims were untimely. Section 213.075 RSMo 2000 [1] requires any person claiming to be aggrieved by an unlawful discriminatory practice to file a complaint with the Commission within 180 days of the alleged act of discrimination. Any act of discrimination occurring outside the 180–day period is considered "merely an unfortunate event in history which has no present consequences." *Pollock*, 11 S.W.3d 754 at 763 (quoting *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 557, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977)). How-

---

**1.** Unless otherwise indicated, all statutory references are to RSMo 2000.

ever, the requirements for timely filing are subject to principles of waiver, estoppel, and equitable tolling, including the continuing violation theory exception. *Id.*

 *Pollock* sets forth the following principles for determining whether Employee can demonstrate a continuing violation:

> [U]nder [the continuing violation theory] a victim of discrimination may pursue a claim for an act occurring prior to the statutory period ... if she can demonstrate the act is part of an ongoing practice or pattern of discrimination by her employer. A plaintiff must establish two things to take advantage of the continuing violation theory. First, she must demonstrate that at least one act occurred within the filing period. Further, she must establish that the harassment is a series of interrelated events, rather than isolated or sporadic acts of intentional discrimination. Once the plaintiff has alleged sufficient facts to support the use of the continuing violation theory, the 180–day filing period becomes irrelevant. She may then offer evidence of the entire continuing violation.

*Id.* (citing *West v. Philadelphia Electric Co.*, 45 F.3d 744, 754–55 (3rd Cir.1995)). Employee concedes that she had no further contact with Supervisor after July 29, 1998, when Employee commenced sick leave. Thus, her claims would be time-barred because she did not file her discrimination claim until April 6, 1999, more than 180 days later. However, relying on a continuing violation theory, Employee argues that her October 24, 1998 discharge was a continuation of Employer's prior discriminatory practices. In response, Employer asserts that retaliatory discharge is a completely separate cause of action and not evidence of continuing sexual harassment. Therefore, according to Employer, Employee cannot recover on her sexual harassment claim.[2]

 As to the first element Employee must demonstrate to establish a continuing violation, "the critical question is whether a present *violation* exists." *United Air Lines*, 431 U.S. at 558, 97 S.Ct.1885 (emphasis in original). Therefore, we must examine whether Employee's termination was retaliatory. To establish a prima facie case of retaliation Employee must demonstrate (1) that she complained of discrimination, (2) that Employer took adverse action against her, and (3) that the adverse action was causally linked to the complaint of discrimination. *Floyd v. State of Missouri Department of Social Services*, 188 F.3d 932, 938 (8th Cir.1999). If Employee makes the prima facie showing, the burden of production shifts to Employer to articulate a legitimate, nondiscriminatory reason for its actions. *Jackson v. Delta Special School District No. 2*, 86 F.3d 1489, 1494 (8th Cir.1996). Once Employer meets this burden, the fact finder then determines whether Employee can present evidence capable of proving that Employer's proferred reasons for acting are a pretext for illegal retaliation. *Id.*

 Even assuming that Employee made a prima facie showing that her complaints of discrimination were causally linked to her termination, we find that

2. Employer contends in its brief that Employee conceded that her retaliatory discharge claim was properly dismissed. However, Employer does not cite to any statement or other evidence in the record that Employee has so conceded and, to the contrary, Employee's brief includes arguments indicating that Employee preserved this claim. We will therefore consider whether Employee asserts a valid retaliatory discharge claim, and whether such a claim is part of a continuing violation in accordance with her sexual harassment claim.

Employer met its burden of demonstrating that it had a legitimate, nondiscriminatory reason for its actions, and that Employee failed to show that its reasons were pretextual. Employer filed exhibits and affidavits indicating that it terminated Employee's employment in accordance with company policy because she failed to either contact Employer or return to work at the conclusion of her twelve weeks of medical leave. Employer's decision to terminate Employee was therefore based on a legitimate, nondiscriminatory reason.

Employee provided no evidence demonstrating that Employer's reasons were pretextual. It is undisputed that Employee received the letters explaining Employer's policy regarding sick leave. In addition, Employee's evidence and testimony do not contradict Employer's evidence as to its reasons for terminating Employee.

Employee's only rebuttal evidence is a statement in her deposition that she believed she was terminated because she was a woman. However, not only does she fail to produce any evidence to support this assumption, her statement does not refer to retaliatory conduct.[3] Because Employee does not establish an issue of material fact as to the reasons for her termination, she cannot sustain a retaliation claim. Returning to the principles set forth in *Pollock*, as Employee relies solely on her discharge to establish a continuing violation, Employee cannot demonstrate that a violation occurred within the statutory period. Accordingly, Employee's discrimination claims are time-barred and Employer was entitled to summary judgment as a matter of law.

In her second point, Employee contends that the trial court erred in grant-

---

3. Although Employee's statement does relate to discriminatory discharge, it is clear that Employee similarly fails to show that Employer's reasons for terminating her employment were a pretext for intentional discrimination. Employee's only evidence connecting Employer's decision to terminate her employment with alleged discriminatory acts of her co-workers is contained in her deposition testimony, where in addition to the statement quoted above, the following exchange occurred:

Q: [Employer's Counsel] Do you have any evidence that would indicate that the decision to discharge your employment was made by personnel at the district office versus the home office?
A: [Employee] No.
Q: Do you have any reason to believe that anyone, other than Mr. Lehman, made the decision to discharge you from [Employer]?
A: Yes.
Q: Why?
A: Because Mr. Lehman is not a permanent person there. He would be over Joe O'Donovan, I think. His opinion to terminate me would only come from my office.
Q: And you're assuming that?
A: Yes. I don't think he would just look through the file and say, Well, I'm not go-

ing to terminate her because she's out and not know the facts.
However, not only is this testimony absent from Employee's opposition to Employer's motion for summary judgment, *see Landmark North County Bank & Trust Co. v. National Cable Training Centers, Inc.*, 738 S.W.2d 886, 889 (where reliance is placed upon deposition testimony it is appropriate for the opposing party to enumerate or specifically direct the court to particular parts of the deposition upon which reliance is based), statements that are conjecture or speculation are insufficient to raise an issue of material fact. *Rustco Products Company v. Food Corn, Inc.*, 925 S.W.2d 917, 923 (Mo.App.1996) (mere speculation does not create a genuine issue of material fact). *See also Insurance Placements, Inc. v. Utica Mutual Insurance Co.*, 917 S.W.2d 592, 597 (Mo.App.1996) (finding deposition testimony not based on personal knowledge insufficient to raise a genuine issue of material fact). Employee's statements do not demonstrate personal knowledge of Employer's termination procedures and constitute speculation as to Employer's reasons for terminating Employee. Therefore, Employee fails to rebut the presumption that Employer's motive for terminating Employee was nondiscriminatory.

ing summary judgment on the ground that Supervisor's conduct did not amount to actionable sexual harassment. Employee concedes that she had no contact with Supervisor within 180 days of filing her complaint. Consequently, because we have found that Employee failed to establish a continuing violation connecting Supervisor's conduct to an act of discrimination within the statutory period, we need not consider whether Supervisor's conduct was actionable.[4]

Employee argues in her third and final point that the trial court erred in granting summary judgment on her assault and battery claim because Supervisor's assault on Employee is a noncompensable assault pursuant to section 287.120. In response, Employer contends that the Labor and Industrial Relations Commission ("Labor Commission") has exclusive jurisdiction to determine whether the assault is noncompensable. Thus, the trial court had no subject matter jurisdiction over Employee's claims. Employer further argues that even if Employee's claims are within the trial court's jurisdiction, summary judgment is proper because Employee cannot prove that Employer is vicariously liable for Supervisor's conduct. We agree with Employer.

Section 287.120 provides, in pertinent part:

1. Every employer subject to the provisions of this chapter shall be liable, irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident arising out of and in the course of his employment,

and shall be released from all other liability therefor whatsoever, whether to the employee or any other person. The term "accident" as used in this section shall include, but not be limited to, injury or death of the employee caused by the unprovoked violence or assault against the employee by any person. 2. The rights and remedies herein granted to an employee shall exclude all other rights and remedies of the employee ... at common law or otherwise, on account of such accidental injury or death, except such rights and remedies as are not provided for by this chapter.

*Yount v. Davis*, 846 S.W.2d 780 (Mo.App. 1993), aids our interpretation of this language. In *Yount*, an employee filed a petition against her employer for assault and battery based on her boss's repeated touching, grabbing, and fondling of her body, and because he directed sexually suggestive statements and threats toward her. *Id.* at 781. The court of appeals affirmed the circuit court's dismissal of her petition for lack of subject matter jurisdiction because a circuit court may not determine whether there was an accident arising out of and in the course of employment. *Id.* at 782.

To support its holding, the court explained that the Labor Commission has exclusive jurisdiction to determine whether an employee's injuries resulted from an accident even if the employee alleges that the acts were intentional. *Id.* at 783. Significantly, the court acknowledged that it might be argued that sexual harassment could never properly be deemed to arise out of and in the course of employment. *Id.* Nevertheless, the court refused juris-

---

4. We note that Employee argues in her brief that she tried to complain to District Manager about Supervisor's conduct while at home on sick leave, arguably within the statutory period. Whether or not this attempted complaint could bring Supervisor's conduct into the statutory period, we agree with Employer that

this is the first time Employee has suggested that harassment was discussed during District Manager's visit. Therefore, we may disregard this argument. *Cf. Landmark North*, 738 S.W.2d at 890 (disregarding deposition testimony filed after the trial court ruled on defendants' motion for summary judgment).

diction, stating that recognition of concurrent jurisdiction over such issues in the circuit court would nullify the legislative intent to place exclusive jurisdiction in the Labor Commission. *Id.* at 782.

Like the employee in *Yount,* in order to pursue her common law claims Employee asks the circuit court to determine whether Supervisor's assault was an accident pursuant to section 287.120. Because the trial court had no subject matter jurisdiction to make such a determination, Employee's claims were properly dismissed. Because Employee's claim ultimately fails as a matter or law, the court's entry of summary judgment was proper.

Judgment affirmed.

SHERRI B. SULLIVAN, P.J., and LAWRENCE E. MOONEY, J., concur.