Michael THOMPSON,
Claimant/Respondent,

v.

DELMAR GARDENS OF
CHESTERFIELD, INC.,
Employer/Appellant.

No. 65153.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 18, 1994.

Todd D. Hilliker, Holtkamp, Liese, Beckemeier & Childress, St. Louis, for appellant.

Christopher J. Griffin, Brown & Crouppen, St. Louis, for respondent.

AHRENS, Judge.

Employer, Delmar Gardens of Chesterfield ("Delmar Gardens"), appeals from a final award of the Department of Labor and Industrial Relations Commission ("Commission") in favor of claimant-employee, Michael Thompson, on a workers' compensation claim. Claimant sustained injuries from an assault by a fellow employee. The Administrative Law Judge ("ALJ") found claimant's injuries arose out of and were in the course of claimant's employment. The Commission, one member dissenting, upheld the ALJ's decision. We reverse.

In November, 1988, Claimant and Lewis Jackson, both employees of Delmar Gardens, had been involved in an altercation after which Jackson was fired and claimant was reassigned to another location.

On September 1, 1990, claimant returned to work at the Chesterfield location where Jackson had been rehired as a dishwasher. Approximately two weeks before the assault complained of, claimant gave Jackson's girlfriend, who was also an employee of Delmar Gardens, a ride home at her request. On February 17, 1991, Jackson stabbed claimant as claimant was leaving work. Claimant sustained injuries and permanent partial disability as a result of the assault. One month later Jackson told his girlfriend that he assaulted claimant because claimant had given her a ride home.

Claimant filed a claim for workers' compensation benefits. The ALJ granted claimant compensation finding that there was "insufficient substantial evidence that claimant provoked the assault or that it arose out of a matter that was personal as to the claimant." The ALJ found that the assault was "personal only on the part of Jackson."

Employer's sole point relied on states: "THE LABOR AND INDUSTRIAL RELATIONS COMMISSION ERRED IN RULING THAT THE CLAIMANT'S INJURY IS COMPENSABLE UNDER THE MISSOURI WORKERS' COMPENSATION LAW." We note that appellant's point relied on does not comply with Rule 84.04(d), as it fails to state briefly and concisely wherein and why the action of the Labor and Industrial Relations Commission is claimed to be erroneous. *Thummel v. King*, 570 S.W.2d 679, 684–85 (Mo. banc 1978). An appellate court need not consider allegations of error which are not properly briefed. Rule

84.13(a). We are, however, able to ascertain the issue on appeal from the argument section of appellant's brief, and will therefore consider appellant's claim of error *ex gratia.*

■ The sole issue on appeal is whether the Commission erred in affirming the ALJ's decision to award claimant benefits. Appellate review of this case is limited to a determination of whether the Commission's decision is supported by competent and substantial evidence, upon review of the entire record and consideration of the evidence in a light most favorable to the award. *Scheper v. Hair Repair, Ltd.,* 825 S.W.2d 1, 3 (Mo. App.1991).

■ In the absence of fraud, the findings of fact made by the Commission are conclusive and binding. *Johnson v. Evans & Dixon,* 861 S.W.2d 633, 635 (Mo.App.1993). We review questions of law only, and may modify, reverse, remand for rehearing, or set aside an award only if: (1) the Commission acted without or in excess of its powers; (2) the award was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) there was not sufficient competent evidence in the record to warrant the making of the award. *Id.;* § 287.495.[1]

■ Employer contends the Commission's findings of fact do not support the award. We agree.

Every employer subject to Missouri's workers' compensation statute is strictly liable to compensate an employee for the personal injury or death resulting from an accident "arising out of" and "in the course of" his employment. § 287.120.1 RSMo (Supp. 1990). The term "accident" includes "unprovoked violence or assault[s] against the employee by any person." *Id.*

■ Missouri recognizes three types of assaults: (1) those invited by the dangerous nature of the employee's duties or environment, or resulting from some risk directly attributable to the employment; (2) those "committed in the course of private quarrels that are purely personal to the participants"; and (3) "[i]rrational, unexplained or accidental assaults of so-called "neutral" origin, which although they occur 'in the course of' the victim's employment, cannot be attributed to it on any more rational basis than that the employment afforded a convenient occasion for the attack to take place." *Person v. Scullin Steel Co.,* 523 S.W.2d 801, 803–04 (Mo. banc 1975). Only injuries resulting from assaults committed in the course of private quarrels are not compensable under § 287.120. *Scheper,* 825 S.W.2d at 3.

In the instant case, the Commission adopted the ALJ's findings. The ALJ supported his holding on two grounds. First, the ALJ found that there lacked sufficient substantial evidence that claimant provoked the assault. Second, the ALJ relied on his finding that the assault was personal to the attacker and not personal to the claimant.

■ First, an employee is not in every instance entitled to compensation under § 287.120.1 simply because the employee did not provoke his attacker. *Scheper,* 825 S.W.2d at 3. In *Scheper,* claimant was assaulted by a former boyfriend with no provocation. *Id.* This court held that "[e]vidence that an assailant and his victim knew one another or had prior disputes is a factor indicating the assault arose from a private quarrel." *Id.* at 4. Here, the facts indicate the claimant and Mr. Jackson both knew one another *and* had a prior dispute. The finding by the Commission that the attack was not provoked by the claimant is not dispositive to which category the assault belongs.

■ Second, evidence demonstrating a personal motive for an assault favors its categorization as a noncompensable private quarrel rather than a compensable "neutral" assault. *Id.* The evidence of the prior dispute and Jackson's statement that he assaulted claimant because claimant gave Jackson's girlfriend a ride home supports the finding by the Commission that the assault was personal to the attacker, and demonstrates a personal motive for the assault. Where an assault is unprovoked and the assailant's actions, although unjustified, are directed toward the victim for purely personal reasons, the assault is properly characterized as a

1. All statutory references are to RSMo 1986 un-    less otherwise noted.

noncompensable assault rather than a "neutral" compensable assault.

The findings of fact by the Commission do not support an award of workers' compensation. The award of the Commission is reversed.

SIMON and KAROHL, JJ., concur.