Estrella WOLFE, Respondent,

v.

**DUBOURG HOUSE/ARCHDIOCESE OF ST. LOUIS, Appellant.**

No. ED 81011.

Missouri Court of Appeals, Eastern District, Division Two.

Jan. 14, 2003.

Robert M. Evans, Mary Anne Lindsey, Evans & Dixon L.L.C., St. Louis, MO, for appellant.

Kevin D. Wayman, Swaney, Ram & Wayman, St. Louis, MO, for respondent.

GARY M. GAERTNER, SR., Judge.

Appellant, DuBourg House/Archdiocese of St. Louis ("employer"), appeals the decision of the Labor and Industrial Relations Commission ("Commission") awarding respondent, Estrella Wolfe ("claimant"), compensation for injuries claimant suffered while employed by employer. We affirm.

Claimant worked for employer as a certified medical technician from May 1999 through August 23, 1999. On August 23, 1999, claimant was dispensing medicine to residents at the nursing home, and she requested Amanda Smith ("Smith"), a co-worker, to assist the residents in the dining facility. Smith stated she was too tired to do so. Claimant continued dispensing medications when Smith stated that she did not think claimant liked her. Smith then approached claimant and stated that she wanted to talk to claimant, but claimant said she could not because she was busy. Smith then pointed her finger

in claimant's face and claimant brushed Smith's hand away. Smith again stated that she did not think claimant liked her. Claimant denied that she did not like Smith, and pointed out that she had given Smith rides to work in the past. Smith then punched claimant in the face three times.

Another employee separated claimant and Smith. Claimant then reported the assault to her supervisor and requested someone call the police. Emergency Medical Service arrived and treated claimant's bleeding forehead but claimant did not go to a hospital at this time. The police then arrived and arrested claimant and Smith.

The next day claimant sought medical treatment because she had pain in her lip, eye and forehead. Claimant later sought treatment for loose teeth and headaches.

At the time of the assault, Smith had worked for employer for approximately one month. Prior to this incident, claimant and Smith did not have any fights, disagreements or arguments either at work or away from work.

Claimant filed her claim for compensation on November 8, 1999. A hearing was held before an Administrative Law Judge ("ALJ") on August 3, 2001. The ALJ found: 1) claimant's injuries arose of out and in the course of her employment; 2) the injury was caused by an unprovoked assault by a fellow employee and was therefore an "accident" within the meaning of Section 287.120 RSMo 2000;[1] and 3) claimant was the victim of a neutral assault. Claimant was awarded $904.75 for unpaid medical expenses, $8,484.28 for twenty-eight weeks of permanent partial disability and $1,242.04 for four weeks of disfigurement.

The Commission, with a dissent filed, affirmed the decision of the ALJ. Employer appeals.

Employer argues it is not liable to claimant for her injuries because: 1) the injuries were the result of a private quarrel, and 2) claimant was the initial aggressor. We disagree.

 Our review is limited to a determination of whether the Commission's decision is supported by competent and substantial evidence, upon review of the entire record and consideration of the evidence in a light most favorable to the award. *Akers v. Warson Garden Apartments,* 961 S.W.2d 50, 52–53 (Mo.banc 1998). We will only set aside the Commission's findings when they are clearly against the overwhelming weight of the evidence. *Id.* at 53.

Employers are liable to furnish compensation to an employee who suffers a personal injury "by accident arising out of and in the course of his employment.... The term 'accident' as used in this section shall include, but not be limited to, injury or death of the employee caused by the unprovoked violence or assault against the employee by any person." Section 287.120.1. An "accident" is defined as: "an unexpected or unforeseen identifiable event or series of events happening suddenly and violently, with or without human fault, and producing at the time objective symptoms of an injury." Section 287.020.2.

 Missouri workers' compensation law recognizes three types of assault: 1) assaults invited by the dangerous nature of the employee's duties or environment, or resulting from some risk directly attributable to the job; 2) assaults that result from private quarrels that are purely personal to the participants; and 3) assaults

---

1. All statutory reference are to RSMo 2000, unless otherwise noted.

of "neutral" origin that are irrational, unexplained or accidental, which occur in the course of employment but cannot be attributed to the employment on any more rational basis than that the employment provided a convenient occasion for the attack to take place. *Thompson v. Delmar Gardens, Chesterfield,* 885 S.W.2d 780, 782 (Mo.App. E.D.1994). Assaults resulting from private quarrels are the only assaults not compensable under section 287.120. *Id.*

The Commission found that claimant was the victim of a neutral assault while engaged in the course of employment. Employer argues the Commission erred because the assault was not a neutral assault but rather the result of a personal quarrel. Employer argues this case is similar to *Thompson.*

In *Thompson,* the claimant and a co-worker, both employees of Delmar Gardens, were involved in an altercation while on duty. *Id.* at 781. The co-worker was fired and the claimant was reassigned to another location. *Id.* Eventually, the co-worker was re-hired and was assigned to the same location as the claimant. *Id.* The claimant gave the co-worker's girlfriend, who was also an employee of Delmar Gardens, a ride home at her request. *Thompson* 885 S.W.2d at 781. Approximately two weeks later the co-worker stabbed the claimant as the claimant was leaving work. *Id.* The co-worker later told his girlfriend he assaulted the claimant because the claimant had given her a ride home. *Id.*

The ALJ and the Commission found the claimant's injuries arose out of and were in the course of the claimant's employment. *Id.* This court reversed, holding "[w]here an assault is unprovoked and the assailant's actions, although unjustified, are directed toward the victim for purely personal reasons, the assault is properly characterized as a noncompensable assault

rather than a 'neutral' compensable assault." *Id.* at 782–83.

In the case at bar, unlike in *Thompson,* claimant and Smith did not have a previous altercation. At the time of the assault, claimant and Smith had worked together for approximately one month without a fight, disagreement or argument either at work or away from work. In *Thompson,* the claimant and the co-worker did have a previous altercation, resulting in the co-worker being fired and the claimant reassigned. *Id.* at 781. Further, in *Thompson,* the co-worker told his girlfriend he stabbed the claimant because the claimant had given her a ride home. *Id.* In this case, there is no such evidence that Smith's assault on claimant was for a personal reason. Employer argues Smith's statement that she did not think claimant liked her was evidence that this assault was the result of a private quarrel. However, this statement immediately followed claimant's request that Smith assist the residents in the dining facility, which Smith refused to do because she was too tired. Further, claimant denied that she did not like Smith, pointing out that claimant had given Smith rides to work in the past. There was no other evidence to show this assault was the result of a private quarrel.

■ Based upon the evidence viewed in a light most favorable to the award, there is competent and substantial evidence to support the finding that Smith's assault on claimant was of a neutral origin because the assault was irrational and unexplained. The assault cannot be attributed to claimant's employment on any more rational basis than that the employment provided a convenient location for the assault to take place.

■ Employer next argues claimant was not entitled to compensation because claimant was the aggressor. Section

287.120.1 provides "[t]he term 'accident' as used in this section shall include, but not be limited to, injury or death of the employee caused by the unprovoked violence or assault against the employee by any person." "Unprovoked means that the claimant is not the aggressor." *Loepke v. Opies Transport, Inc.,* 945 S.W.2d 655, 660 (Mo.App. W.D.1997). A claimant is not entitled to compensation if the claimant was the aggressor and sustained injuries as a result of his or her own threats and demonstrations of assault on another. *Id.*

In this case, employer argues claimant was the aggressor because she made the first contact with Smith by brushing Smith's hand away from claimant's face. This is not sufficient to establish that claimant was the aggressor. Smith approached claimant while claimant was dispensing medication. Smith then stated several times that she did not think claimant liked her, which claimant denied. Smith then pointed her finger in claimant's face and claimant brushed Smith's hand away from her face. Smith responded by striking claimant three times. Claimant did not become the aggressor by merely brushing Smith's hand away from her face.

The evidence does not establish that claimant was the aggressor. Claimant's injuries resulted from Smith's unprovoked assault on her.

Based on the foregoing, we affirm the Commission's award.

PAUL J. SIMON, P.J., and
KATHIANNE KNAUP CRANE, J.,
concur.